## LILLIE SMALL v. STATE.

No. A-3187. Opinion Filed June 29, 1920.
Rehearing Denied Nov. 28, 1922.
(210 Pac. 317.)

Appeal from County Court, Oklahoma County; William H. Zwick, Judge.

Lillie Small was convicted of maintaining a liquor nuisance, and she appeals. Modified and affirmed.

Modified and affirmed.

Blake & Boys, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Oklahoma county, wherein the defendant, Lillie Small, was convicted of maintaining a liquor nuisance at 31 East, Fourth street in the city of Oklahoma City and her punishment fixed at a fine of $320 and imprisonment in the county jail for a period of 90 days.

It is first contended that the information does not state facts sufficient to state an offense against the laws of the state.

The information is based upon section 13, ch. 70. Sess. Laws 1910-11 which reads in part as follows:

"All places where any spirituous, vinous, fermented, or malt liquors, or any imitation thereof, or substitute therefor; or any malt liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of 1 per centum of alcohol, measured by volume, and which is capable of being used as a beverage, except preparations compounded by any licensed pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States, is manufactured, sold, bartered, given away, or otherwise furnished in violation of any provision of this act, and all places where any such liquor is kept or possessed by any person in violation of any provision of this act, and all places where persons congregate or resort for the purpose of drinking any such liquor, are hereby declared to be public nuisances."

The charging part of the information is as follows:

"On the 1st day of January, 1917, and thence continuously until and including the 20th day of February, A. D. 1917, in Oklahoma county, state of Oklahoma, Lilly Small, whose more full and correct name is to your informant unknown, then and there being, did then and there willfully and unlawfully commit and maintain a public nuisance, in that the said Lilly Small did then and there during all of the times aforesaid, knowingly, willfully and unlawfully keep and maintain a place, to wit, at No. 31 East Fourth street in Oklahoma City, county and state, where malt, spirituous vinous and fermented liquors, not preparations compounded by a licensed pharmacist, capable of being used as a beverage, and containing more than one-half of 1 per centum of alcohol, measured by volume, to wit, beer and whisky, were received, kept and possessed by her, the said Lilly Small, to sell, barter, give away, and otherwise furnish such liquors to others in violation of law, to the common nuisance of the public."

The information is good under the statute. It charges the reception, possession, and keeping by the defendant at 31 East Fourth street in Oklahoma City of beer and whisky (overt acts on her part) coupled with the purpose then and there to sell, barter, give away, and otherwise furnish such liquors to others in violation of law and to the common nuisance of the public.

This prosecution is not based upon the statute held to be unconstitutional in the case of Proctor v. State, 15 Okla. Cr. 338, 176 Pas. 771, and the decision of this court in that case has no bearing upon the question here presented as to the sufficiency of the information here attacked.

The statute here involved possessed the elements both of overt acts and guilty intention found lacking in the statute construed in the Proctor case and the information is sufficient. Ostendorf v. State, 8 Okla. Cr. 360, 128 Pac. 143.

It is also contended that the evidence is wholly insufficient to support the conviction. With this contention we are unable to agree.

The entire evidence of the state was directed to the maintenance of such nuisance only on the 20th day of February, 1917, but there is competent evidence of the commission of the offense upon that date. This was sufficient. Ostendorf v. State, supra.

Certain evidence of the alleged reputation of the place as a "booze joint" was permitted to be received by the jury.

Concerning this evidence the brief of the Assistant Attorney General contains the following comments:

"We also admit that the evidence submitted as to the reputation of the house, as a matter of law, would have been improperly submitted to the jury had the defendant moved the

trial court to withdraw from their consideration this reputation evidence. But this was not done; nor was there a request for an instruction limiting the consideration to be given to this evidence.

"The court would have excluded this evidence of reputation for the reason that it was special reputation instead of general reputation; that is, it was such color that one man speaking over a telephone can give to an individual or to a place. Reputation is defined in volume 7, Words & Phrases, p. 6119, as follows: 'Reputation is defined to be the concurrence of many voices to the same fact. Deputy v. Harris (Del.) 40 Atl. 714, 715, 1 Mary. 100.'

" 'Reputation is said to be the common knowledge of a community. Chellis v. Chapman, 125 N. Y. 214, 26 N. E. 308, 11 L. R. A. 784 (cited in Smith v. Compton, 52 Atl. 386, 388, 67 N. J: Law, 548, 58 L. R. A. 480).

" 'Reputation, as used in a question to a witness as to the reputation of a witness whom it was sought to impeach, meant general reputation. French v. Millard, 2 Ohio St. 44-50.'

"However, the defendant, having failed to request the court to instruct the jury to disregard this testimony as to the reputation of the place, she cannot for the first time complain to this court."

We consider the foregoing remarks of the Attorney General entirely apropos. While the proper procedure was not followed in the trial court correctly to present the question of the admissibility of this alleged reputation evidence on appeal to this court, is clearly apparent in view of the severe punishment imposed that this reputation evidence, not being directed to the general reputation of the place, tended to the prejudice of the defendant.

Under the circumstances the conclusion is reached that substantial justice requires that the judgment of the trial court be modified to provide a fine of fifty dollars ($50) and im-

prisonment in the county jail for a period of thirty (30) days, the minimum punishment provided by law, and the judgment of the county court of Oklahoma county in this case is modified to that extent and as so modified is affirmed.