GEORGE A. HOCHDERFFER v. STATE.

No. A-5488.  Opinion Filed May 8, 1926.
(245 Pac. 904.)

C. H. Carswell, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J. George Hochderffer, plaintiff in error, here designated the defendant, was found guilty of maintaining a liquor nuisance, with his punishment fixed at a fine of $250 and 90 days in jail.

The defendant, anticipating that the state would introduce evidence obtained by a search and seizure of liquor found in and about his residence, filed a motion to suppress the evidence so obtained on the ground that the affidavit upon which the search warrant was based was insufficient to give the magistrate jurisdiction to issue the same. To this application a copy of the search warrant was attached, showing the seizure of ten gallons of whisky taken from the possession of the defendant on his premises.

The affidavit upon which the search warrant was issued set out that the premises were a place where intoxicating liquor was kept and sold, where cars visited at all hours of the night; that it was a place of storage, and, inferentially, a place of public resort. The court properly overruled the defendant's motion to suppress.

The state introduced witnesses showing that a certain person had purchased two pints of liquor at this place, and that the place bore the reputation of being a place where intoxicating liquor was kept for sale. But, for some undisclosed reason, the state failed to call the officer who seized the ten gallons of whisky. Despite this omission, the state did show conclusively the sale of two pints of whisky by the defendant from this place,

and showed some circumstances indicating that it was a public place and bore the general reputation of being a place where alcoholic liquor was kept for sale—sufficient evidence to support the verdict.

That the jury made no mistake is confirmed in the minds of this court by the admissions of the defendant in his motion to suppress the evidence, and by the fact that the defendant exercised his right to decline to go upon the witness stand in his own defense.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.