## GUY FAULK v. STATE.

No. A-5550.   Opinion Filed June 12, 1926.
(247 Pac. 112.)

Wright, Gill & Ramsdale, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J. Guy Faulk, plaintiff in error, defendant in the trial court, was charged with the unlawful keeping of a place where intoxicating liquor was kept, bartered, sold, and given away, kept and operated in such manner as to constitute a public nuisance. By verdict of a jury he was found guilty as charged, with his punishment fixed at a fine of $100 and confinement in the county jail for a period of four months.

The first point urged in this appeal is that the evidence is insufficient to support the verdict. The testimony shows that the defendant and nine other members of his family resided on leased premises, comprising 15 acres of tillable land and a house; the latter being situated at the intersection of two highways about six miles east and one mile north of Edmond. Complaints had been made by persons residing in that neighborhood about the character of the place, and certain deputy sheriffs went at night to the vicinity to make observations. They saw that many automobiles were coming and going to and from the place, and

on the following day four deputies searched the premises. They found no intoxicating liquor in the house or on other portions of the leased place, but did find large quantities of corn whisky directly across the highway on the premises of another, with well-beaten paths and tracks between the residence of the defendant and the places where the whisky was found. The testimony of these deputy sheriffs would indicate that the defendant's residence was the place where the liquor was distributed. The testimony of the defendant and members of his family was that they had never had any whisky on the place and knew nothing about the whisky found just across the highway, some of it as near as 100 yards from the front door of the residence. Several of the witnesses testified that the place bore the reputation of being a place where intoxicating liquors were kept and sold. One neighbor testified that he had opportunity to observe and never knew or heard of the defendant being implicated in the sale or distribution of liquor. Upon this state of the proof, the weight of the evidence and the credibility of the witnesses was for the jury.

The defendant next complains that the whisky found on the adjoining premises was erroneously admitted in evidence, over the objection of the defendant, for the reason that it was found on the premises of another and that defendant's connection therewith had not been sufficiently shown. The showing was sufficient to permit the introduction of this evidence. As before stated, the question as to whether the defendant was responsible for its being there was for the jury.

It is further urged that the penalty assessed was excessive. If this place was kept and operated as indicated by the evidence for the state, it constituted a grave menace to the welfare and morals of the community, deserving severe punishment. The penalty assessed was not the maximum under the law.

Judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.