# JERRY FONVILLE v. STATE.

No. A-5780.   Opinion Filed April 23, 1927.
(255 Pac. 591.)

Morris & Tant, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of maintaining a public nuisance, and sentenced to pay a fine of $50, and to be confined in the county jail for a period of 30 days.

In February, 1925, certain officers, with a search warrant, searched the residence and premises of defendant, and at the same time searched some premises

adjoining. Th record discloses that, at the time charged, certain officers with a search warrant went to the residence of defendant, and made a search. On the back porch they found a glass jug containing a small quantity of whisky, and found a tow sack containing bottles, and in the house found other bottles, and in the sink found some clippings of Bermuda grass. On the back part of the lot, behind the garage, they found a cache of whisky. In the house were four men, three soldiers from Fort Sill, in uniform, and one in civilian clothes, and about the same time two other men came in. There was evidence that the reputation of the premises as a place where intoxicating liquor was kept, sold, and dispensed was bad. There was also evidence that numerous cars would drive up to this place, persons get out and go to the door; that some woman would open the door, and the persons from the cars would go into the house, and immediately a man would go out of the house to the rear of the garage, get something, and return to the house, and then the persons in the house would return to the car and leave, and that this continued for some days prior to the search. There was also evidence that the whisky found at the rear of the garage had the mowings of Bermuda grass around it, and that there was a trail leading from the house to the place where the whisky was found. This evidence is largely circumstantial, but we think the circumstances were sufficient to warrant the jury in finding the defendant guilty of maintaining a nuisance as charged.

It is contended that the court erred in excluding evidence that other persons during the same month, living in close proximity, were handling intoxicating liquor. Defendant lived on Sixteenth street, the place of the offense charged, and where the search was made. Defendant offered to prove that one Vici

Hart, living on Fourth, Fifth, or Sixth Street, was raided about the 1st of March, and that at the time she was operating a still, and that, some 15 days after the raid in this case, some officers raided a place in the same block, and found a still, some mash, and other paraphernalia. The offer of proof is as follows:

"* * * You were with the officers on the 1st of March when you made a raid on the place of Vici Hart, when she lived about Fourth, Fifth, or Sixth street, Oklahoma City? * * * Mr. Tant: We wish to prove that within several days, 10 to 15 days after the liquor which has been introduced in evidence as State's Exhibit A was found back of the garage of the defendants', that several officers, one of whom was this witness, Ray Long, raided a place in the same block on the same side of the street operated by one Vici Hart, and they found there a still, mash, and other paraphernalia for the manufacture of corn liquor. * * *"

In certain quarters of Oklahoma City, as well as in most other cities of its size, there are violations of the prohibitory liquor laws. Proof that some other person, ten blocks away, about this time was violating the liquor laws, would not cast any light on the question of the guilt or innocence of defendant. The guilt or innocence of such other persons is a collateral issue, which cannot be injected into the trial, unless the immediate surroundings and circumstances tend to connect such other person with the commission of the particular offense for which defendant is on trial. This, we think, is not made to appear by the offer of proof tendered, and its exclusion by the court was proper.

It is next argued that the court erred in admitting incompetent evidence. This assignment is directed to the testimony that cars came to the place of residence of defendant under the circumstances recited. These circumstances tended to prove that intoxicating liquors were being dispensed at the place, and directly tended

to prove the defendant guilty of maintaining a nuisance. It was competent for this purpose.

Complaint is also made of the action of the assistant county attorney in asking questions on cross-examination in reference to the sale of whisky at these premists previous to the time of the search. In the argument over the objection to some of these questions, the assistant county attorney made statements which had better been left unsaid, but they were stricken out by the court, and the jury instructed to disregard them. If it appeared that these statements were materially prejudicial, we should reverse the case, but in the light of the entire record there appears to be no miscarriage of justice, and the punishment assessed is the minimum.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.