WILSON HILBERT v. STATE.

No. A-6473.    Opinion Filed August 3, 1929.
(279 Pac. 910.)

90

Clark & Clark, for plaintiff in error.

W. Lee Johnson, Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Pawnee county on a charge of maintaining a liquor nuisance—that is, a place where intoxicating liquor was sold, and where people congregated and resorted for the purpose of drinking intoxicating liquors—and his punishment was fixed at 30 days in jail and that he pay a fine of $100.

The defendant orally argued the case in this case, and took the position that there was no evidence in the record supporting the verdict of the jury, and has ably presented this contention in his brief.

The following witnesses testified for the state: Allen N. Jones, Dan Lancaster, L. R. Richardson, E. O. Hartwick, Wilson Plumlee, and Glen Livesay. It will serve no good purpose to set out the evidence of these witnesses. If the jury believed the evidence offered by the state, it was sufficient to establish that defendant's place bore

the general reputation of being a place where intoxicating liquors were sold. It showed specific sale; it showed the presence of liquor containers and paraphernalia for selling liquor; it showed the class of people who frequented the place; it showed that drinking people congregated there for the purpose of drinking intoxicating liquor; it showed that the defendant himself was present, that he was intoxicated, and that there was a strong smell of liquor upon and about him, that his place had frequently been raided, and that as fast as one individual would be arrested for selling liquor there that another would take his place. The evidence was that the defendant knew of the violations of law taking place on his premises.

Defendant was prosecuted under section 7002, Comp. St. 1921, on a charge of keeping a place where intoxicating liquor was sold, and where people congregated and resorted for the purpose of drinking intoxicating liquor. Under a charge of this kind it is not necessary to prove that the defendant himself actually sold liquor; it is only necessary to prove that the defendant was in charge of the premises and that the people congregated at the place, the sales were made, and the liquor drank, with the knowledge and consent of the defendant.

In the case of Cameron et al. v. State, 13 Okla. Cr. 692, 167 Pac. 339, this court said:

"Where defendants are charged with maintaining a liquor nuisance, evidence of the general reputation of the place, as to its being a place where intoxicating liquors were kept for sale, and where people congregated to drink the same, is admissible."

In the case of Ostendorf v. State, 8 Okla. Cr. 362, 128 Pac. 143, this court said:

"Where a defendant is charged with keeping and maintaining a place at which intoxicating liquors are sold

or illegally disposed of, it is competent for the state to prove the general reputation of such place in such community touching this matter, and that it was a place where persons who were in the habit of drinking intoxicating liquors congregated during the week and on Sundays."

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of not being fundamental, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.