## BILLIE LEGG v. STATE.

No. A-7429.   Opinion Filed June 21, 1930.
Rehearing Denied July 19, 1930.
(289 Pac. 1110.)

Kienzle & Hickok, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter referred to as the defendant, was convicted on a charge of maintaining a public nuisance by operating the Baltimore Hotel, said hotel being a place where spirituous, vinous, and malt liquors, which contain as much as one-half of 1 per cent. alcohol, measured by volume, and which is capable of being used as a beverage, is manufactured, sold, bartered, given away, and otherwise furnished, in violation of the prohibitory laws of the state, and was sentenced to pay a fine of $500 and costs and be imprisoned in the county jail of Pottawatomie county for a pe-

riod of 90 days. From which judgment the defendant has appealed to this court.

The testimony shows that the defendant was running what was known as the Baltimore Hotel or rooming house, at 112½ West Main street, in Shawnee, Okla.; that the officers went to the hotel with a search warrant and searched the premises; in the room where defendant lived, they found the defendant and three men; in the chair where the defendant was sitting they found a half-pint of whisky, and the defendant had in her bosom a half-pint of whisky; one of the men was intoxicated and unable to walk and had to be carried to jail.

The defendant admits she had the half-pint of whisky in her bosom, and said it was given her by some one, but did not give the name of the party. The defendant also testified that the men in her room were regular roomers she had in the hotel, or rooming house; she says she does not know where the half-pint of whisky found in the chair where she was sitting when the officers came in came from. No testimony was introduced to show any previous violation by the defendant, or that there had been any disturbance around the hotel. No testimony showing there had been any whisky manufactured, bartered, or sold at the defendant's hotel or rooming house.

The defendant admitted on cross-examination that she had paid a fine in the city of Shawnee for violating a city ordinance. Two of the officers testified that the reputation of the defendant's place for being a place where whisky might be bought and sold, and where people congregated, was bad.

The testimony in this case is sufficient to sustain a conviction of the crime charged against the defendant, but, in view of there being no testimony other than the

one act of the defendant, it seems that the punishment inflicted is excessive. We believe that a sentence of 90 days in jail and a fine of $250 is sufficient for the crime committed by the defendant, as shown by the proof contained in the record. The judgment of 90 days imprisonment and a fine of $500 is modified to 90 days and a $250 fine, and, as modified, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.