## DICK JONES v. STATE.

No. A-8545.   Oct. 27, 1933.
(26 Pac. [2d] 435.)

Mounts & Chamberlin, for plaintiff in error.

J. Berry King, Atty. Gen., and George J. Fagin, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Tillman county of the offense of maintaining a public whisky nui-

sance, and his punishment fixed by the jury at a fine of $250 and inprisonment in the county jail for a period of 90 days.

The evidence of the state was that the sheriff of Tillman county, accompanied by one of his deputies, having a search warrant, went to the premises of defendant; that when driving up in front of defendant's home, defendant stepped out on the front porch with a carton of fruit jars in his hand; that when he saw the officers he ran back into the house, locked the screen and front door, and was heard to scream, "Break it"; that the deputy sheriff went around to the rear door, and when the sheriff heard the deputy sheriff and defendant scuffling in the house, he pushed open the front door and went in; that defendant's wife was in the bathroom with the door locked, and they could hear glass being broken in there; that the deputy sheriff had a half-gallon jar of whisky in his hand; that defendant knocked this out of his hand and kicked it around on the floor, finally breaking it; that it was necessary for the sheriff to strike defendant with his gun before he could be subdued and arrested; that when defendant's wife came out of the bathroom, the sheriff went in and found seven or eight tops of glass jars and an empty keg; that he smelled whisky in the room and in and about the keg, and that he succeeded in saving a small quantity of the whisky; that a small child of defendant's, on being told to "break it," took two half-gallon jars of whisky and ran out in the yard and broke them on the sidewalk; that people were seen coming to defendant's home and carrying jars with something yellowish looking in them.

The niece of defendant's, who lived at his home, testified that a good many men were coming and going from the residence of defendant, carrying packages away with them; that defendant forced her to leave the room when

people came to see him, and threatened to kill her if she told any one what he was doing.

Defendant's brother testified that he had warned his brother that they would catch him in that business, and that he was acquainted with the general reputation of the place where defendant resided as being a place where whisky was sold, stored, and kept in violation of law, and that that reputation was bad.

The sheriff, deputy sheriff, night watchman, and others testified that they knew the reputation of defendant's place for being a place where liquor was kept and sold, and that it was bad.

Defendant did not take the witness stand, but did call his brother for further cross-examination.

Defendant contends first that the search of his premises was illegal and that therefore the evidence obtained thereby was not admissible.

Particular complaint under this heading is made that the officers did not comply with the law in the service of the warrant, in that it was not served until after the search was completed.

In Young v. State, 50 Okla. Cr. 68, 296 Pac. 516, this court said:

"Officer's failure to literally follow law in searching defendant for liquor before showing him search warrant held not to require reversal."

The facts as disclosed in this case, that defendant locked the doors, attacked the officers, and delayed them until such time as he and his family could destroy the liquor, made it impossible for the sheriff to literally comply with the law in the service, although the sheriff testi-

fied that he told defendant immediately on his entrance that he had a search warrant.

It is next contended the court erred in permitting the state to introduce evidence of the general reputation of defendant's premises before it was shown that the place itself was a place of public resort.

The evidence of the niece, who made her home with defendant, together with other witnesses, and the facts and circumstances in the case, were sufficient to establish that defendant's home was a place of public resort.

Under the authority of Hilbert v. State, 44 Okla. Cr. 89, 279 Pac. 910, Bunch v. State, 53 Okla. Cr. 430, 12 Pac. (2d) 704, and Ormsby v. State, 53 Okla. Cr. 445, 13 Pac. (2d) 596, this evidence was admissible.

It is next contended the court erred in permitting the state to introduce evidence as to the character of defendant, when he himself had not put his character in evidence.

We have carefully searched the record and find no such evidence.

Defendant next complains the court erred in the giving of instruction No. 4.

The instruction correctly states the law as applicable to the charge in the information, and is as favorable to defendant as the evidence in the case would warrant.

The defense is extremely technical and is without any substantial support or merit, as disclosed by the record.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.