## WANDA IDA MUSGROVE v. STATE.

No. A-8608.  Jan. 5, 1934.
(28 Pac. [2d] 584.)

Mathers & Mathers and Joe Adwon, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter for convenience referred to as the defendant, was convicted in the county court of Oklahoma county, of maintaining a public nuisance and her punishment fixed at a fine of $500 and imprisonment in the county jail for a period of six months.

Ten errors have been assigned by the defendant as grounds for reversal, the ninth and tenth errors being as follows:

"9. The verdict is not supported by the evidence and is very excessive.

"10. The verdict of the jury is contrary to both the law and the evidence."

Section 7022, C. O. S. 1921, now section 2616, Okla. Stat. 1931, in part reads as follows:

"All places where any such liquor is kept or possessed by any person in violation of any provision of this act; and all places where persons congregate or resort for the purpose of drinking any such liquor, are hereby declared to be public nuisances."

The state called as witnesses three deputy sheriffs, who testified they searched apartment No. 11 at 420 N. W. Eleventh street; there were two men and two women sitting at the dining room table in the apartment, on which were some glasses partly filled, as the witnesses stated, with beer; witnesses further stated they found a suitcase in the apartment containing 11 pints of beer, the chemical analysis of which showed it contained 5 per cent. alcohol. The defendant was at the apartment.

The witnesses for the state claimed to have received reports against the defendant's place. They refused to give the names of any parties that reported to them, and

the state did not have either of the parties subpoenaed to testify against the defendant. The state's witnesses further testify they asked the names of the parties who were present in the apartment of the defendant when they went in, yet they could not give the name of either of the parties. Neither of the parties was subpoenaed to testify in the case.

It would serve no useful purpose to set out the testimony in detail. Suffice it to say there is evidence sufficient to sustain a conviction; but in view of the record in this case and the many facts brought out in the record that are not germane to the charge against the defendant, we hold that the punishment is excessive and should be modified from a fine of $500 and six months in jail, to a fine of $50 and 30 days in jail, and as modified the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.