## L. E. WILLIAMS v. STATE.

No. A-8628.   Feb. 2, 1934.
Rehearing Denied March 30, 1934.
(30 Pac. [2d] 932.)

Joe Adwon, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of maintaining a public nuisance and sentenced to pay a fine of $500 and to be imprisoned in the county jail for six months.   Motion for new trial was filed, considered, overruled, and defendant appeals.

The testimony on behalf of the state shows that on July 5, 1930, the officers searched 15½ West California avenue, Oklahoma City, Okla.   In rooms occupied by the defendant they found no whisky.   In a big room on the same floor when they entered there were several colored men who had been shooting craps.   In searching the rooms they removed some electric light fixtures and found several pints of whisky, and in another room they found a

few pints of whisky. These rooms were locked, and the defendant stated to the officers he had rented them to Henry Spencer and Art Mitchell. One of the officers stated when they called the defendant from the lower floor of the building, after they found the whisky behind the electric light fixtures, he stated if it had not been for the snitching negro they would not have found the whisky.

The defendant denies he owned the whisky or that he had anything to do with it, or that he knew anything about the whisky being in the rooms, as he was not in possession or control of them at the time. There is some testimony that the defendant's place had been searched on previous occasions. The testimony is indefinite and uncertain, and does not give the date or state specifically that the search made of defendant's premises on previous occasions was of the premises he was occupying on July 5, 1930.

In the trial of the case, and before the defendant had testified, the county attorney went into the reputation of the defendant for truth and veracity and proved it was bad. Just before the state closed its testimony the county attorney stated to the court: "There was two questions asked by the state as to the general reputation of the defendant, L. E. Williams, and I want to withdraw these questions, and parts of the questions relative to the person of L. E. Williams." The court, over the objection of the defendant, granted the county attorney permission to withdraw the questions, and directed the jury to disregard the questions asked and answers given as to the reputation of the person of defendant. The testimony as to the reputation of the defendant for truth and veracity had been presented to the jury and throughout the trial until almost its close was before them as evidence. Even though

the court granted the request of the county attorney to withdraw the questions and answers, the evidence had been in the minds of the jurors during the trial, and we are satisfied the testimony prejudiced the defendant in the minds of the jurors, and had great weight with the jury when it fixed the punishment.

The state recalled George Kerr, who had previously testified in the case, who testified he knew the general reputation on July 5, 1930, of the place at 15½ West California avenue, Oklahoma City, Okla., as being a place where various persons unknown were permitted to congregate for the purpose of buying, receiving, and drinking intoxicating liquor, and that its reputation was bad.

The defendant denied any knowledge of the whisky and testified he had the rooms in which the whisky was found rented to Henry Spencer and Art Mitchell. On cross-examination he admitted he had been convicted, or had pleaded guilty and paid a fine, and when asked about another conviction stated he had been convicted in the trial court; that he appealed to the Criminal Court of Appeals and the case was reversed. This is in substance the testimony.

The defendant complains of the action of the court in permitting the county attorney to go into his reputation for truth and veracity before he had put his reputation in issue. This complaint cannot be considered by this court, as there was no objection interposed to the questions propounded by the county attorney, or the answers given by the witness.

However, we feel justified in saying that in criminal prosecutions it is the duty of the county attorney to refrain from asking improper questions. The county attorney should not have asked this question until the de-

fendant had first put his reputation in issue. The record is full of questions and answers which are immaterial to the issue as to whether or not the defendant is guilty of maintaining a public nuisance. In the brief of the Attorney General he discusses many of the questions raised by the defendant in the record and insists that the evidence is sufficient to sustain a conviction, but does not discuss the sufficiency of the evidence to sustain a conviction of maintaining a public nuisance. If the defendant had been charged with possession of whisky, with intent to sell, barter, give away, or otherwise furnish to others, the case of the state would have been much stronger. In the brief of the Attorney General he suggests that if the court should hold that there was evidence prematurely admitted which biased or prejudiced the jury against the defendant that the most the court should do would be a modification of the judgment.

There is sufficient testimony to justify the court in submitting the case to the jury. After considering all of the facts and circumstances, and in view of the manner in which the testimony was presented, we hold the judgment should be modified to a fine of $100 and imprisonment in the county jail for 60 days, and as modified the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.