## MILTON KING et al. v. STATE.

No. A-9737.   Jan. 22, 1941.
(109 P. 2d 836.)

Joe Adwon and E. T. Barbour, both of Oklahoma City, for defendants.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Phil E. Daugherty, Asst. Co. Atty., of Oklahoma City, for the State.

BAREFOOT, P. J.   Defendants Milton King and Joe Brison were charged in the court of common pleas of Oklahoma county with the crime of conducting a public nuisance; were tried, convicted, and each sentenced to pay

a fine of $50 and serve a term of 30 days in the county jail, and have appealed.

It is contended that the evidence is insufficient to support the judgment and sentence. It is disclosed by the record that defendant Joe Brison had rented a building located at 1700 Northeast Fourth street in Oklahoma City, and in which was located a beer parlor and cold drink stand. The defendant Milton King was employed to run and manage the place and was paid a salary by defendant Joe Brison. The place had been in operation from some time in October, 1938, to February 4, 1939, the date alleged in the information. That prior thereto a grocery store had been conducted there by other parties.

The evidence revealed that four county officers of Oklahoma county went to the place on the night of February 4, 1939, about 12 or 1 o'clock. The place was a place of public resort. They found congregated there 40 or 50 negroes in a small room that had a bar, glasses and other paraphernalia, and a musicbox which was playing loudly at the time the officers entered. The defendant Milton King was behind the bar. The defendant Joe Brison was not there at the time the officers entered, but had left the premises a short time prior thereto. The officers went through the crowd to where the defendant Milton King was, and saw him grab a half-gallon jar of corn whisky and pour it on the floor behind the bar and shove some clothes over the same. They smelled the whisky and also the vessel from which the whisky was poured, and also secured the vessel from which the whisky was poured. Another half gallon of whisky was found by the officers in the automobile of the defendant Joe Brison which was parked just north of the building. The whisky was in the car so it could be observed by the officers by looking through the glass doors. One couple of the cus-

tomers were found hidden in a closet in one portion of the building.

The officers testified they could smell whisky on the breath of a number of people present. They, however, said they did not actually see anyone drinking liquor.

Many witnesses who lived in very close proximity to the premises testified that the same defendants had operated the place from October, 1938, to February 4, 1939. That they had continuously seen people coming from the premises in a drunken condition and swearing and cursing. That this had gone on almost continuously since the time that the place had been operated by the defendants. That so much noise was made that it was impossible for them to sleep in their nearby homes. Many of them testified that they considered it dangerous to go by the premises, especially in the nighttime, and they were afraid to let their children pass the premises going to and from school. Many of the witnesses who testified were good citizens who did not frequent places of this character. The officers, prior to going there, had received a petition from the citizens in that community requesting them to investigate the place.

A place where beer is legally sold is not a nuisance per se, but may become such by the manner in which it is conducted. Oklahoma Statutes 1931, sec. 2616, 37 Okla. St. Ann. § 73, provides:

"All places where any spirituous, vinous, fermented or malt liquors * * * is kept or possessed by any person in violation of any provision of this act; and all places where persons congregate or resort for the purpose of drinking any such liquor, are hereby declared to be public nuisances, * * * and the owner or keeper thereof shall, upon conviction, be adjudged guilty of maintaining a public nuisance, and shall be punished by a fine of not less than fifty dollars nor more than five hundred dollars, and by imprison-

ment in the county jail not less than thirty days nor more than six months. * * *"

Oklahoma Statutes 1931, sections 11489 and 11490, 50 Okla. St. Ann. §§ 1 and 2, define "nuisance" as follows:

(1) "A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:

"First. Annoys, injures or endangers the comfort, repose, health, or safety of others; or,

"Second. Offends decency; or

"Third. * * *

"Fourth. In any way renders other persons insecure in life, or in the use of property."

"A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal."

The evidence in the case at bar reveals the defendants were conducting the place alleged in the information in such a manner as to constitute a public nuisance within the terms described by the above statutes. It is not necessary under the law that proof of acts should be confined exclusively to the premises described in the information. Blanton v. State, 38 Okla. Cr. 149, 259 P. 655. The fact that people were seen to come from there in an intoxicated and drunken condition and immediately begin swearing and cursing and so conducting themselves as to be offensive to law-abiding citizens of the adjoining and nearby premises, and the fact that noises were made in or near the premises by those frequenting the same at all times of the night so that people could not sleep, were facts to be properly considered by the jury in coming to the conclusion that defendants were guilty of conducting the place in such a way as to constitute a public nuisance as charged in the information.

It has been held by this court that proof of a public nuisance could be proved by circumstantial evidence. Hilbert v. State, 44 Okla. Cr. 89, 279 P. 910. Certainly the evidence here, both direct and circumstantial, fully justified the jury in finding that intoxicating liquor was being sold and drunk upon the premises in such a manner as to constitute a public nuisance.

It is therefore ordered that the judgment of the court of common pleas of Oklahoma county be affirmed.

DOYLE and JONES, JJ., concur.