## HERB P. BORDWINE v. STATE.

No. A-9918.    Feb. 11, 1942.

(122 P. 2d 398.)

Jim Barnett, of Oklahoma City, for defendant.

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for the State.

BAREFOOT, P. J. Defendant Herb P. Bordwine, LeRoy Goodall, and Orville Brown were charged jointly in the court of common pleas of Oklahoma county with the crime of maintaining and operating a public nuisance. A severance was granted and defendant, Herb P. Bordwine, was tried before a jury, convicted, and by the court sentenced to pay a fine of $50 and to serve a term of 30 days in the county jail, and has appealed.

It is first contended that the evidence was insufficient to establish the guilt of the defendant for maintaining a public nuisance. The statute under which this charge was made is Oklahoma Statutes 1931, section 2616; O. S. A., Title 37, § 73. That part of the statute applicable to this charge is as follows:

"All places where any spirituous, vinous, fermented or malt liquors, or any imitation thereof, * * * and which is capable of being used as a beverage * * * is manufactured, sold, bartered, given away or otherwise furnished in violation of any provision of this act; and all places where any such liquor is kept or possessed by any person in violation of any provision of this act; and all places where persons congregate or resort for the purpose of drinking any such liquor, are hereby declared to be public nuisances * * * and the owner or keeper thereof shall,

upon conviction, be adjudged guilty of maintaining a public nuisance, and shall be punished by a fine of not less than fifty dollars nor more than five hundred dollars, and by imprisonment in the county jail not less than 30 days nor more than six months."

This charge is based upon the operation by defendant of a place known as the "Casino Bar, located at 1704 Northwest 16th Street in the City of Oklahoma City, Oklahoma." It is unnecessary to give more than a brief statement of the evidence. It revealed that defendant operated the above-described premises for about a year prior to the 19th day of January, 1940. That it was what is commonly known as a "beer joint," and that the general reputation of the premises was bad as being a place where intoxicating liquor and whisky were sold, and that it was a place of public resort where the public came and bought and drank intoxicating liquor, and that the reputation of the place was bad. Many police officers and deputy sheriffs testified to this fact and they said that their testimony was based upon statements and complaints of citizens who resided in close proximity to where the premises were located. This specific charge was based upon a visit to the premises on the day and night of January 19, 1940, by officers of the department of public safety of this state. On the first visit to the premises they purchased from one of the codefendants, Orville Brown, a pint of liquor and paid him $1.50 therefor. The liquor was taken from his person and delivered in the house. Afterwards a search of his person revealed that he had three other pints of whisky thereon. The defendant was not present at this time.

On the next visit, being the same night, they purchased another pint of tax-paid whisky from the said Orville Brown and paid $1.25 therefor. The liquor was taken from his person, but the defendant was also present,

and they gave a $5 bill to Orville Brown and he handed it to the defendant, who went to the cash register and rang up the sale and handed back the change and thanked them for the purchase. During the time they were in the building they saw one of the codefendants sell a pint of liquor to a man and woman seated in one of the stalls in said building and saw him receive the money therefor. It was delivered from his pocket the same as before.

The record also reveals the evidence of a number of police officers and deputy sheriffs who at different times covering a period of from six to eight months prior to the time alleged in the information made searches of the premises, and that upon practically all of these occasions the defendant was present and operating the business. They were positive as to his being the owner and conducting the business. On many occasions they testified to the finding of liquor either on the premises or nearby. On several occasions it was found in defendant's automobile parked in front of the place of business, and on one occasion at least defendant furnished his key to unlock the car where they found 18 pints of whisky. On another occasion police officers telephoned the "Casino Bar" and had delivered to them two pints of whisky. There was also found on the premises by the officers and introduced in evidence two internal revenue licenses, one for the year 1939 and one for 1940. They were of the $25 type, and the officers testified they were the kind issued where both whisky and beer were to be sold. That the one where beer only was to be sold was $20. From the above statement it will be readily seen that the evidence was sufficient to sustain the charge that defendant was operating a public nuisance as defined by the statute above quoted.

There was other testimony which it is unnecessary to state. Under the former decisions of this court, the evidence was sufficient to sustain the charges. Hochderffer v. State, 34 Okla. Cr. 213, 245 P. 904; Legg v. State, 48 Okla. Cr. 152, 289 P. 1110; Wiley v. State, 17 Okla. Cr. 643, 191 P. 1057; King v. State, 71 Okla. Cr. 158, 109 P. 2d 836.

We have examined the record with reference to the contention that the court erred in admitting incompetent, immaterial and irrelevant evidence. This contention is based upon the evidence of one of the officers who testified as follows:

"Q. Now, while you were there did you see any of these parties sell any liquor to anybody else? A. Yes, sir. There was a man and a woman in a booth there. I believe it was the first booth on the right-hand side and they sold a pint of whisky to this man and woman for $1.50. Q. $1.50?"

It is contended that, because the officer did not testify that the defendant was present at the time the sale was made by the codefendant Orville Brown, the same was inadmissible. Not so. The evidence revealed that defendant was the owner and operator of the business, and where he was charged with operating a public nuisance, evidence of sale in his place of business, and especially in view of the evidence in this case, was admissible whether he was present or not. The exception to the remarks of the county attorney were properly overruled by the court.

We are of the opinion that the judgment and sentence of the court of common pleas of Oklahoma county should be affirmed.

JONES and DOYLE, JJ., concur.