# EDNA HARMON v. STATE.

No. A-10011.  July 29, 1942.

(128 P. 2d 237.)

D. D. Archer, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for the State.

BAREFOOT, P. J.  Defendant, Mrs. Edna Harmon, was charged in the court of common pleas of Oklahoma county with the crime of unlawful possession of intoxicating liquor, to wit: "Four pints of non tax paid corn whisky", was tried, convicted and sentenced to pay a fine of $100 and serve 90 days in the county jail, and has appealed.

This court, for the purpose of permitting the filing of appeals by defendants with as little cost as possible, has adhered to the rule of permitting to be filed in each case typewritten briefs instead of printed briefs, if desired.  But we do have the right to expect that when typewritten briefs are filed, they be so written and typed that they may be easily read, and that the eyes of the

38

members of the court may be protected in reading them. The briefs filed in the instant case are so dim that they can hardly be read. It causes a great strain upon the eyesight in attempt to read them. We shall therefore ask that in the future the members of the bar do not attempt to make so many copies of their briefs at one time that they become so dim the reading of them by the court is a constant strain upon the eye. It is much better that fewer copies be made, and we trust that attorneys who have cases before the court will be appreciative of our action in permitting the filing of typewritten briefs, but at the same time they will protect the court as above outlined. Rose v. State, 8 Okla. Cr. 294, 127 P. 873; Cline v. State, 9 Okla. Cr. 40, 130 P. 510, 45 L.R.A., N.S., 108.

The only contention for a reversal of this case is that the court erred in permitting the state to introduce incompetent, irrelevant, immaterial, and prejudicial evidence, and in failing to sustain defendant's motion for a directed verdict. These questions may be considered together.

The facts are, briefly, that the defendant, Mrs. Edna Harmon, and her husband, Hoyle Harmon, resided at 407 North Laird in Oklahoma City. This was an apartment building with two apartments above and two below. Defendant lived in one of the lower apartments. There is no question in this case concerning the legality of the search of the premises of defendant on the 12th day of December, 1939, by police officers M. B. Cooper and Jack Caldwell. These officers, on that date, searched the premises and found the defendant at home and her husband was not present. Sitting just outside the back door, Officer Caldwell found a half gallon fruit jar of corn whisky. Officer Cooper was standing just inside the

door and saw the whisky found. They continued their search and defendant left the premises and was not arrested until later. They found about a half dozen fruit jars which smelled strongly of corn whisky. Each of the officers testified that defendant's residence was a place where the public continually gathered for the purpose of drinking intoxicating liquors, and that the reputation of the premises for that purpose was bad. That they had often searched the premises prior to the 12th day of December, 1939, and that on one occasion intoxicating liquor had been found there. Defendant did not take the witness stand and offered no evidence.

It is contended that the evidence of Officer Cooper was incompetent because he was on the inside of the house at the time the liquor was found. His evidence was that he saw the liquor found, through the door which was open. Certainly this was competent testimony.

It is also contended that it was error in permitting the officers to testify as to the reputation of the premises. The proper predicate and foundation was laid by first asking the officers if these premises were a place where the public continually frequented for the purpose of buying and drinking intoxicating liquors. The officers testified that they had frequently seen the public going to and from the premises and that the premises had often been searched. They then testified that the premises had a bad reputation. This was in conformity with the rule often announced by this court. Brown v. State, 72 Okla. Cr. 333, 116 P. 2d 216, and cases cited therein.

It is also contended that the court erred in permitting the introduction in evidence of the whisky found upon the premises. We have examined the record and find that it was properly identified and was admissible.

We have carefully examined the record in this case.

No exceptions were taken to the instructions of the court. It is doubtful if one of the instructions to the jury correctly stated the law. There is nothing in the record to show why the husband of this defendant was not charged with this crime. It is true that he was not present at the time of the search. The evidence is circumstantial, but it stands unanswered. We are of the opinion that justice would be subserved in this case by modifying the judgment and sentence from a fine of $100 and 90 days in jail to a fine of $100 and 30 days in jail, and as so modified, the judgment and sentence of the court of common pleas of Oklahoma county is affirmed.

JONES and DOYLE, JJ., concur.