# MONGER v. STATE.

No. A-11582. Nov. 26, 1952.

(250 P. 2d 854.)

John Cochran, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty, Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error William Monger, defendant below, was charged by information in the common pleas court of Tulsa county, Oklahoma, with the offense of unlawful possession of intoxicating liquor allegedly committed in Tulsa, on or about January 4, 1951. The defendant was tried by a jury, convicted and the penalty was left to the judgment of the court. Thereafter, and on April 7, 1951, the trial judge sentenced the defendant to 30 days in the county jail and to pay a fine of $250 and costs; judgment and sentence was entered accordingly and from which this appeal has been perfected.

Briefly, the evidence herein on the part of the state is to the effect that Roy Bradshaw, deputy sheriff of Tulsa county, Oklahoma, procured a search warrant to search the premises of the defendant, the same being described at 1612½ West Edison Street, Tulsa, Oklahoma. Bradshaw together with Deputies John Bell, Floyd Jordan and Walter Whisenhunt went to the said premises to institute the search. Upon arrival at the premises the defendant was not there so the search warrant was served upon Sue Monger, his wife. The search was executed and disclosed one-fifth of a gallon of Ancient Age whiskey found under the mattress of a couch just inside the front door. The search further disclosed a one-fifth gallon of Cook's Champagne in the icebox of the defendant. Mrs. Monger testified that the whiskey was for their own use as did Mr. Monger. Both of them admitted, however, that Mr. Monger had been bootlegging, but that he had quit about a week before because, as Mr. Monger said his whiskey was stolen and he was broke.

The defendant contends first that the state in its case in chief sought to establish the defendant's reputation by the line of questioning asked by Mr. Smith. The record discloses that this question arose in the following manner. On cross-examination of Mr. Bell for the state, the defendant's counsel asked, "Well, did you catch him" to which the answer was, "I don't believe I ever did". Thereupon Mr. Smith on redirect examination inquired, "Do you know whether the other officers ever caught him", to which the answer was, "Yes sir". And the further question was asked, "Who caught him", to which Mr. Cochran interposed, "That is hearsay", and the officer answered, "Roy Bradshaw caught him, but that is hearsay". Whereupon the witness was excused. Thereafter Roy Bradshaw was recalled and testified that he did catch the defendant on former occasions and was asked, "How much whiskey did you catch him with on former occasions, or do you recall?" To which Mr. Cochran of counsel for the defendant objected, and the court overruled the objection for the reason that the "defendant went into it". Whereupon Mr. Cochran excepted, and thereafter the evidence disclosed that it was on East Admiral in his car, to which objection was again interposed, overruled and evidence offered to the effect that the officer caught him with a fifth and his car with a case and a half or two cases. This evidence was developed on the state's case in chief and the defendant contends said evidence constitutes reversible error for the reason that the attempt to prove the reputation of the accused as being a bootlegger or a person who sells intoxicating liquor is inadmissible and highly prejudicial, and that the court's rulings thereon was error. He cites in support of his contention Brown v. State, 72 Okla. Cr. 333, 116 P. 2d 216, wherein this court said:

"Where one is charged with a direct sale or unlawfully conveying intoxicating liquor, evidence of the reputation of the individual as being a bootlegger or a person who sells intoxicating liquor, is inadmissible."

The other cases cited by the defendant are not in point. In Jenkins v. State, 28 Okla. Cr. 249, 230 P. 293, relied upon by the defendant, this court said:

"Until a defendant charged with illegal possession of whiskey places his reputation in issue the state will not be permitted to show that the defendant had a bad reputation, or that he had been previously convicted of a like offense in another court."

In Smart v. State, 27 Okla. Cr. 433, 228 P. 611, this court said:

"The state cannot attack the character or reputation of a defendant, unless he first puts that in issue by introducing evidence of his good character."

See, also, Lunceford v. State, 28 Okla. Cr. 120, 229 P. 304. We are of the opinion that this constitutes reversible error.

The next contention of the defendant is in relation to the instructions to the jury. The defendant contends that he was entitled to a clear affirmative charge based on his hypothesis to the effect that the whiskey in their possession was for their own personal use and benefit and was not for the purposes of sale. The defendant rightly contends that this was a material issue in the case. He cites in support thereof Skelley v. State, 64 Okla. Cr. 112, 77 P. 2d 1162, and Bock v. State, 80 Okla. Cr. 28, 156 P. 2d 381, both holding to the effect that the intent with which liquors are possessed is an essential ingredient of the crime of unlawful possession. The trial court should have given an affirmative instruction to this effect. It went to the very essence of the defense. It is the duty of counsel for the defendant to reduce the instructions desired to writing and present them to the court with a request that they be given, and in the absence of such request the right to such instruction is waived and failure to so instruct is not reversible error, unless the court determines from the entire record that failure to give such instruction was a deprivation of a substantial right of the defendant. Woody v. State, 95 Okla. Cr. 21, 238 P. 2d 367. In failing to instruct on the defense interposed, the trial court erred, since the defendant was deprived of a substantial right.

The defendant's next contention is the county attorney's argument to the jury was highly inflammatory, prejudicial to his rights and influenced the jury against the defendant. This contention is not without merit. However, standing alone, this contention would not present an irreconcilable obstacle to affirmance of this case, but in light of the errors hereinbefore set forth, we cannot hold the defendant was accorded that fair and impartial trial to which he was entitled under the law. Hence, this cause is reversed and remanded with directions to again try the defendant in keeping with the principles herein announced.

JONES and POWELL, JJ., concur.