## C. M. NICHOLS *et al.* v. STATE.

### No. A-1483.   Opinion Filed January. 21, 1913.

#### (129 Pac. 673.)

1.   **INTOXICATING LIQUORS—Injunction—Contempt—Proceedings to Punish—Constitutional and Statutory Provisions.**   The provision of the prohibition enforcement act (section 13, c. 70, Sess. Laws 1910-11) that "all places where persons congregate or resort for the purpose of drinking any such liquor, are hereby declared to be public nuisances," and that "the Attorney General, county attorney, or any officer charged with the enforcement of any of the provisions of this act, of the county where such nuisance exists, or is kept, or is maintained, may maintain an action in the name of the state to abate and perpetually enjoin the same. The injunction shall be granted at the commencement of the action, and no bond shall be required. Any person violating the terms of any injunction granted in such proceeding shall be punished, as for contempt, by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail not less than thirty days nor more than six months, or by both such fine and imprisonment"—is a constitutional exercise of legislative authority under section 25 of the Bill of Rights (33 Williams), providing "the Legislature shall pass. laws defining contempts and regulating the proceedings and punishment in matters of contempt," and is not in conflict with the constitutional provision, "the county court shall have jurisdiction concurrent with justices of the peace in misdemeanor cases, and exclusive jurisdiction in all misdemeanor cases of which the justices of the peace have not jurisdiction."   Article 7, sec. 12 (197 Williams).

2.   **SAME—Injunction—Proceedings to Punish Contempt—Constitutional Guaranties.**   It is a criminal contempt to violate or disobey, out of the presence of the court or judge sitting as such, any order of injunction or restraint made or rendered by any court under this provision of the prohibition enforcement act.   The court, not having any personal knowledge of the facts, cannot proceed, except by an accusation in writing under oath, specifically charging the facts constituting the violation.   By the filing of this affidavit and the issuance of attachment or rule to show cause, a criminal action is commenced, and the accused is entitled to all the constitutional guaranties in criminal prosecutions secured by the Bill of Rights.   Article 2, sec. 20 (28 Williams' Const.).

3.   **JURY—Right to Trial by Jury—Proceedings for Contempt.**   On the trial of persons charged with contempt in violating or disobeying the terms of an injunction granted under the provisions of the prohibition enforcement act (section 14, c. 70, Sess. Laws 1910-11), the constitutional right of the accused to a trial by jury is secured by the proviso to section 25, of the Bill of Rights

(Const. art. 2, sec. 25), providing: "That any person accused of violating or disobeying, when not in the presence or hearing of the court, or judge sitting as such, any order of injunction, or restraint, made or rendered by any court or judge of the state shall, before penalty or punishment is imposed, be entitled to a trial by jury as to the guilt or innocence of the accused."

4. CONTEMPT—Proceedings to Punish—Nature and Form—"Criminal Contempt." Contempts which are prosecuted to preserve the power and vindicate the dignity of the court, and punish the offender, are criminal contempts, and the proceedings for punishment should conform as nearly as possible to proceedings in criminal cases.

(Syllabus by the Court.)

*Appeal from District Court, Wagoner County;*
*R. C. Allen, Judge.*

C. M. Nichols and another were convicted of contempt, and appeal. Reversed and remanded.

*Kistler & Haskell,* for plaintiffs in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiffs in error were, by proper proceedings under the statute, enjoined and restrained from keeping, maintaining, operating, carrying on, or permitting to be kept, maintained, carried on, or operated, in and upon certain described premises, or at or in any other place, in Wagoner county, any place for selling unlawfully or keeping for sale intoxicating liquors. Upon affidavit of the county attorney of Wagoner county charging them with contempt of court in violating the terms of the injunction, an order of attachment was issued to the sheriff, and they were immediately arrested and brought before the court, whereupon they filed their verified answer, denying in detail the truth of the alleged facts set forth in the affidavit of the county attorney as constituting the charge of contempt against them. The court announced that he would forthwith proceed to hear the case on oral evidence. Whereupon counsel for plaintiffs in error demanded a trial by jury, which demand was then and there denied by the court, and exception allowed, and the trial proceeded. Upon the hearing in these proceedings, the court found that plaintiffs in error had violated the injunction by selling in-

toxicating liquors, and were in contempt of court and subject to punishment therefor, and adjudged that C. M. Nichols pay a fine of $500 and undergo confinement in the county jail for a term of six months, and, in default of the payment of said fine, that he be further confined until said fine is satisfied as provided by law, and adjudged that Carrie Nichols pay a fine of $100 and undergo confinement in the county jail for a term of 60 days, and, in default of the payment of said fine, that she be further confined until said fine is satisfied as provided by law. From these judgments an appeal was properly perfected.

It is only necessary for this court to determine whether the district court erred in overruling the demand of plaintiffs in error for trial by jury of the question of their guilt or innocence of said alleged contempt. Article 2, sec. 25, Bills of Rights, Const. (33 Williams'), provides:

"The Legislature shall pass laws defining contempts and regulating the proceedings and punishment in matters of contempt: Provided, that any person accused of violating or disobeying, when not in the presence or hearing of the court, or judge sitting as such, any order of injunction, or restraint, made or rendered by any court or judge of the state, shall, before penalty or punishment is imposed, be entitled to a trial by a jury as to the guilt or innocence of the accused. In no case shall a penalty or punishment be imposed for contempt, until an opportunity to be heard is given."

Section 14, c. 70 (Sess. Laws 1910-11), of the prohibition enforcement act, in part, provides:

"All places where persons congregate or resort for the purpose of drinking any such liquor, are hereby declared to be public nuisances * * * the Attorney General, county attorney, or any officer charged with the enforcement of any of the provisions of this act, of the county where such nuisance exists, or is kept, or is maintained, may maintain an action in the name of the state to abate and perpetually enjoin the same. The injunction shall be granted at the commencement of the action, and no bond shall be required. Any person violating the terms of any injunction granted in such proceeding shall be punished, as for contempt, by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail not less than thirty days nor more than six months, or by both such fine and imprisonment."

The proceeding in this case was criminal, not remedial. Criminal contempts are prosecuted to preserve the power and vindicate the dignity of the courts, and to punish the offender. By the county attorney filing the affidavit and the issuance of attachment thereon a criminal action was commenced. It has been suggested that a violation of the statute constitutes a misdemeanor, of which county courts have exclusive jurisdiction. The suggestion is without merit. The statute is a proper exercise of the power granted by section 25 of the Bill of Rights, *supra,* in words as follows:

"The Legislature shall pass laws defining contempts and regulating the proceedings and punishment in matters of contempt."

The power to fine and imprison for contempt is a necessary attribute of a court. It is a power inherent in all courts of record, and co-existing with them by the wise provisions of the common law. A court without the power to enforce its orders, judgments, or decrees would be a disgrace to the laws which created it. Such a condition could but result in the degradation of courts, and to make them truly subjects of contempt. It is a criminal contempt to violate or disobey, out of the presence of the court or judge sitting as such, the terms of any order of injunction, made or rendered by any court or judge under this provision of the prohibition enforcement act. The court not having any personal knowledge of the facts, cannot proceed, except by an accusation in writing under oath, specifically charging the facts constituting the violation. By the filing of this affidavit and the issuance of attachment or rule to show cause, a criminal action is commenced and the accused is entitled to all the constitutional guaranties in criminal prosecutions, as provided by section 20 of the Bill of Rights, Const., art. 2 (28 Williams'), as follows:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed: Provided, that the venue may be changed to some other county of the state, on the application of the accused, in such manner as may be prescribed by law. He shall be informed of the nature and cause of the accusation against him and have a copy thereof, and be confronted with the witnesses against him, and have compulsory proc-

ess for obtaining witnesses in his behalf. He shall have the right to be heard by himself and counsel.  *   *   * "

Unquestionably the court erred in denying the demand of the defendants for a trial by jury. For this reason the judgments of conviction are reversed, and the cause remanded to be proceeded with in accordance with the views herein expressed.

ARMSTRONG, P. J., and FURMAN, J., concur.