E. H. BRUNSON *et al.* v. STATE.

No. A-1511. Opinion Filed February 19, 1913.

(129 Pac. 1110.)

INTOXICATING LIQUORS—Liquor Nuisance—Injunction—Punishment for Violation. The provisions of the prohibition enforcement act (section 14, c. 70, Sess. Laws 1910-11), defining public nuisances and providing for the abatement of the same, and prescribing punishment as for contempt for a violation of the terms of any injunction granted in such proceeding, is a constitutional exercise of the legislative authority, under section 25 of the Bill of Rights, providing that "the Legislature shall pass laws defining contempts and regulating the proceedings and punishment in matters of contempt."

(Syllabus by the Court.)

*Appeal from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

E. H. Brunson and George White were adjudged guilty of contempt, and appeal. Affirmed.

*Kistler & Haskell, E. G. McAdams,* and *C. J. Nelson,* for plaintiffs in error.

*Smith C. Matson,* Asst. Atty. Gen., and *W. E. Disney,* Co. Atty., for the State.

DOYLE, J. The judgment sought to be reviewed in this case was rendered in a proceeding instituted against the plaintiffs

in error for an alleged contempt of court. It appears from the record that they were charged by affidavit with contempt of court in violating the terms of an injunction granted in proceedings had under the provisions of the prohibition enforcement act (section 14, c. 70, Sess. Laws 1910-11), wherein they were enjoined from maintaining a public nuisance. Upon a rule to show cause why they and each of them should not be punished for their misconduct in failing to obey said injunctional order, they presented themselves before said superior court, accompanied and represented by counsel, whereupon the court offered the defendants E. H. Brunson and George White a trial by jury, which offer the said defendants thereupon did refuse and waive. Thereupon a hearing was had, and, the court having heard the testimony and the argument of counsel, it was by the court adjudged that "the said E. H. Brunson and George White, defendants as aforesaid, have been guilty of a contempt of this court in manner and form as charged in the affidavit, in that they and each of them did willfully violate said temporary injunctional order," whereupon the court sentenced the said defendants to severally pay a fine of $100, and to be imprisoned in the county jail for the term of five months as punishment for said alleged contempt, and further confinement not exceeding fifty days in default in the payment of said fines. Whereupon the defendants gave notice of appeal and moved the court that they be allowed to give bond pending said appeal, which motion was by the court refused. The judgment and sentence was entered on December 2, 1911. An appeal was taken by filing in this court a petition in error and transcript December 4th, and upon an application for bail pending appeal it was ordered by this court that supersedeas be allowed in the sum of $1,000.

The only error assigned, that the record presents, is that the court erred in holding that there is any law giving it power to punish for contempt of court. No briefs have been filed. The question presented has been passed upon in the case of *Nichols v. State, ante,* 129 Pac. 673, wherein it is held that the provisions of the prohibition enforcement act (section 14, c. 70, Sess. Laws 1910-11), providing that "any person violating the terms of any injunction granted in such proceeding shall

be punished, as for contempt, by a fine of not less than $100 nor more than $500, or by imprisonment in the county jail not less than 30 days nor more than six months, or by both such fine and imprisonment," is a constitutional exercise of legislative authority under section 25 of the Bill of Rights, providing: "The Legislature shall pass laws defining contempts and regulating the proceedings and punishment in matters of contempt." It is our opinion that the appeal in this case is wholly destitute of merit.

The judgment of the superior court of Muskogee county is therefore affirmed, and the order allowing bail staying the execution is hereby revoked, and the cause remanded to the superior court of Muskogee county, with direction that said plaintiffs in error be remanded to the custody of the sheriff of Muskogee county in accordance with the judgment and order of the court.

ARMSTRONG, P. J., and FURMAN, J., concur.