# FRANK SIBENALER v. STATE.

No. A-3261.   Opinion Filed December 10, 1919.

(185 Pac. 448.)

1.  **INTOXICATING LIQUORS—Maintaining Nuisance—Evidence of Reputation.** In a prosecution for maintaining a nuisance by keeping a house in which intoxicating liquors are kept for sale, to which persons resort and congregate for the purpose of drinking the same, the general reputation in the community of such house as being a "bootlegging joint" may legally be given in evidence.

2.  **APPEAL AND ERROR—Necessity of Pointing Out Error—Instruction.** When the entire instructions given by the court to the jury are complained of, such instructions will not be reviewed by this court, unless the alleged errors in said instructions are specifically pointed out.

3.  **APPEAL AND ERROR—Harmless Error—Admission of Irrelevant Evidence.** There being sufficient legal evidence to reasonably support a verdict, the admission of other irrelevant or illegal evidence will not work a reversal, unless after an examination of the entire record it appears that the admission of such irrelevant or illegal evidence has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

4.  **INTOXICATING LIQUORS—Maintaining Nuisance—Sufficiency of Evidence.** The record in this case carefully considered, and found that the verdict of the jury is sufficiently supported by evidence reasonably showing the guilt of the defendant, and that no reversible error was committed in the trial of the case.

*Appeal from County Court, Oklahoma County;*
*W. H. Zwick, Judge.*

Frank Sibenaler was convicted of maintaining a public nuisance, and he appeals.   Affirmed.

*Twyford & Smith,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Frank Sibenaler, hereinafter called defendant, was informed against jointly with his wife and daughter for maintaining a public nuisance, convicted, and his punishment fixed at imprisonment in the jail of Oklahoma county for a term of 30 days, and to pay a fine of $50. To reverse the judgment rendered on the verdict he prosecutes this appeal.

We deem it unnecessary, especially in view of the fact that the defendant did not offer any evidence in his defense, to recite the evidence further than to say that there was evidence tending to show that for several years the defendant had resided in the house described in the information; that said house had the reputation in the community of being a notorious "bootlegging joint" maintained by him; also that beer and whisky were ˉ pt in said house; that persons resorted to and conp gated there during the week and on Sundays for the p ρose of drinking intoxicating liquors, and engaged i boisterous and profane language; and that persons were seen to leave said house in an intoxicated condition.

The contention of defendant that the act under which this prosecution is brought is unconstitutional has been settled by the Supreme Court of this state adversely to such contention in *Gragg et al. v. State,* 73 Oklahoma, 175 Pac. 201. In that case it was held:

"That part of section 14, art. 3, c. 69, Session Laws 1907-08, as amended by section 13, c. 70, Session Laws 1911, which provides that, * * * is not in violation of any provision of the Constitution of this state."

In the body of the opinion in the case *supra* it is said:

"In *Brunson et al. v. State,* 8 Okla. Cr. 665, 129 Pac. 1110, the constitutionality of the law under review is up-

19—16

held, and this holding finds support in the case of *Nichols v. State*, 8 Okla. Cr. 55, 129 Pac. 673 (and the authorities there cited).

The attack upon the sufficiency of the information is without merit, as the information contains an averment of every element of the offense charged, and sufficiently informed the defendant of the offense he was called upon to meet.

The court did not err in admitting evidence of the reputation of the house in the community as being that of a "bootlegging joint." *Ostendorf v. State*, 8 Okla. Cr. 369, 128 Pac. 143.

The defendant complains that the court committed reversible error in admitting hearsay and illegal evidence. With this complaint we are not in accord, for, after a reading of the entire evidence, we are unable to find that the admission of such evidence has resulted in a miscarriage of justice; neither does it appear upon an examination of the entire record that the defendant was thereby deprived of some constitutional or statutory right. Section 6005, Rev. Laws 1910.

"Where the legal evidence in a case conclusively shows that a defendant is guilty, and where the jury could not rationally arrive at any other conclusion, ordinarily errors committed by the trial court in the introduction or rejection of evidence will become immaterial, and will not constitute grounds for reversal." *Woody v. State*, 10 Okla. Cr. 322, 136 Pac. 430, 49 L. R. A. (N. S.) 479.

The defendant assigns as error the instructions given the jury, but does not point out the alleged errors therein, nor argue the same in his brief; therefore this assignment of error will not be reviewed.

"When instructions are conplained of counsel for appellant should point out the specific errors complained of." *Johnson v. State*, 1 Okla. Cr. 321, 97 Pac. 1059, 18 Ann. Cas. 300.

We have carefully considered the evidence, and are of the opinion that the evidence is sufficient to reasonably support the verdict rendered, in the light of the fact that the defendant did not offer any evidence in his defense.

The court did not err in overruling the motion for a new trial.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.