## NEOMA BUNCH v. STATE.

No. A-8332. June 24, 1932.
(12 Pac. [2d] 704.)

Mounts & Chamberlin, for plaintiff in error.

The Attorney General and A. C. Chaney, Co. Atty., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Tillman county of the crime of maintaining a public nuisance, and her punishment fixed by the court at a fine of $100, and imprisonment in the county jail for a period of 30 days.

Defendant contends that the evidence of the state is insufficient to support the verdict of the jury.

The evidence of the state shows that C. F. Wilkes purchased liquor on two different occasions from defendant; that the place where the nuisance was alleged to have been maintained was the property of Fred Key and was occupied by the defendant, Neoma Bunch, who later became the wife of Fred Key; that this place had the reputation of being a bootlegging joint.

Defendant's counsel briefs the case and argues the evidence of Wilkes as though the charge was one of sale instead of maintaining a public nuisance.   The evidence of Wilkes was competent to go to the jury as proof

of the purpose for which defendant kept the place, but two sales of liquor standing alone would not necessarily make the place a public nuisance, unless there was other accompanying competent evidence to support the charge.

Defendant contends also that proof of reputation in this character of case is not admissible until the state shows that the place is a place of public resort.

The authorities cited by defendant to support his contention that proof of the reputation of the place was inadmissible are not in point. In those cases the charge was the possession of liquor with intent to sell the same, and there this court held that proof of reputation could not be made until after the place was first shown to be a place of public resort. But the rule is different where the charge is maintaining a public nuisance, and such proof of reputation is admissible without first showing that it is a place of public resort, although the fact that it is a place of public resort is one of the circumstances tending to establish the charge of maintaining a public nuisance.

In numerous cases this court has held that, where one is charged with keeping a place in such a manner as to constitute a public nuisance, its general reputation as such may be shown. Caffee v. State, 11 Okla. Cr. 263, 145 Pac. 499; Cameron v. State, 13 Okla. Cr. 692, 167 Pac. 339; Davis v. State, 16 Okla. Cr. 372, 182 Pac. 908; Sibenaler v. State, 16 Okla. Cr. 576, 185 Pac. 448; Bland v. State, 18 Okla. Cr. 514, 196 Pac. 732; Tindell v. State, 18 Okla. Cr. 721, 196 Pac. 555; Friedman v. State, 19 Okla. Cr. 124, 198 Pac. 350; Hurst v. State, 25 Okla. Cr. 102, 219 Pac. 151.

In Barngrover v. State, 28 Okla. Cr. 22, 229 Pac. 301, 304, this court said:

"In a prosecution in which the charge is made that the defendant kept and maintained 'a public nuisance at his home and premises (describing its location), the same being a place where spirituous liquors are bartered, sold, and given away,' it is competent to introduce evidence of the general reputation of the place as being a place where such liquor is kept or distributed in violation of law."

In the case at bar, the charge was the maintaining of a public nuisance in the private residence of the defendant Key, being a place where spirituous, vinous, and malt liquors were kept, bartered, sold, or given away; but there was no proof upon this charge except the two sales. The county attorney asked each witness for the state if they knew the reputation of defendant's residence as being a bootlegging joint, but made no inquiry as to its reputation for being a place where liquors were kept or sold, or where drunks congregated, or where bar fixtures were kept and used.

The term "bootlegger" has come to have a wide meaning; sometimes applied to the unlawful sale of liquor, but at other times is applied to persons engaged in the unlawful sale of gasoline, oil, or any other commodity.

The contention of defendant that the evidence is insufficient to support the verdict of the jury is well taken.

Unless the state in another trial of this case can produce some direct evidence, in addition to the sales testified to, tending to show that the residence of defendant was a place of public resort, or that it had the reputation of being a place where intoxicating liquors were kept to be bartered, sold, or otherwise disposed of, or other direct proof of facts showing that defendant's place was a public nuisance, this prosecution should abate.

434

The judgment of the trial court is reversed, and the case remanded for further proceedings in accordance with this opinion.

EDWARDS, J., concurs. DAVENPORT, P. J., absent.