## R. W. ORNSBY v. STATE.

No. A-8424. July 22, 1932.
(13 Pac. [2d] 596.)

L. W. Harrod, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county of maintaining a public nuisance, and his punishment fixed by the jury at a fine of $150 and imprisonment in the county jail for a period of 60 days.

Defendant makes some contention as to the sufficiency of the description in the affidavit and search warrant. There is no merit in this contention.

Defendant next contends that the evidence is insufficient to support the verdict of the jury.

The state called two witnesses, both deputy sheriffs, who testified that they had a search warrant and that defendant operated the Rock Island Hotel, located at 217½ North Broadway, consisting of the second and third floors and containing twenty-two rooms; that they searched defendant's office in the hotel under the search warrant; that in the room searched they found about three-fourths of a gallon of whisky and some people around a table drinking; that some of those arrested pleaded guilty to a charge of being drunk; that defendant said the whisky was his.

By the terms of section 7022, C. O. S. 1921, all places where spirituous, vinous, fermented, or malt liquors are manufactured, sold, bartered, given away, or otherwise furnished, and all places where any such liquor is kept or possessed by any person in violation of any provision of this act, or where persons congregate or resort for the purpose of drinking such liquor, are declared to be a public nuisance.

In Bunch v. State, 53 Okla. Cr. 430, 12 Pac. (2d) 704, this court said:

"Where one is charged with keeping a place in such manner as to constitute a public nuisance, its general

reputation as such may be shown; but evidence of reputation alone will not support a conviction.

"Where one is charged with keeping a place in such manner as to constitute a public nuisance, there must be evidence of a positive character that the place was a place of public resort, or that it contained bar fixtures or other paraphernalia indicating an intention to sell or dispose of liquor, or proof that the place was frequented by persons who habitually violated the liquor and gambling laws of the state, or proof of sale or sales of intoxicating liquor at or near the time of the charge, in addition to proof of general reputation."

The Bunch Case was reversed by this court because the proof of the state only showed one sale of intoxicating liquor without other accompanying proof tending to show that the place constituted a public nuisance.

Proof by the state of the finding of three-fourths of a gallon of whisky in the office of the hotel, with several persons present in an intoxicated condition, without further proof that persons congregated there for the purpose of drinking intoxicating liquor, or other proof to show more than one violation of the law, is insufficient to support a verdict of guilty of maintaining a public nuisance.

In the case at bar, if defendant is conducting a place where intoxicating liquors are stored or kept, or where such intoxicating liquors are sold, bartered, or given away, or where people congregate for the purpose of drinking such intoxicating liquors, or where people become boisterous and intoxicated, such place will have, in the community, the reputation of being a place where the prohibitory liquor laws are violated, and the state can, without any trouble, prove its charge.

If the state has no other proof, the case should be dismissed.

For the reasons stated, the cause is reversed and remanded.

EDWARDS, J., concurs. DAVENPORT, P. J., absent.