## BOB TARBUTTON v. STATE.

No. A-8898.   Sept. 6, 1935.

(48 Pac. [2d] 877.)

Estes & Gowdy, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.   Plaintiff in error, Bob Tarbutton, was convicted in the court of common pleas of Oklahoma county upon an information which charged him with maintaining and operating a public nuisance in said county on the 13th day of April, 1934, in that he did then and there unlawfully maintain and operate a place "where intoxicating liquor, to wit, whisky and alcohol was kept, bartered, sold and given away to divers persons unknown and where divers persons unknown were permitted to congregate for the purpose of buying, drinking and receiving the said in-

toxicating liquor, all to the common nuisance of the public."

In accordance with the verdict he was sentenced to pay a fine of $50 and to confinement in the county jail for ninety days.

The errors assigned relate to rulings of the court upon the admission of evidence and insufficiency of the evidence to justify or sustain the conviction. Two deputy sheriffs, armed with a search warrant, searched defendant's house, located four or five miles north of the Capitol.

Tom Miller testified that they found defendant sitting in the kitchen with two men; they were drinking some mixture.

They searched the premises and he found four pints of alcohol out in the garage; that Mr. Agee found two pints, but didn't know whether it was gin or alcohol. Over objection he stated that he had been to this place in 1933 and found a man and woman there drinking; that he searched this place five or six months prior to that time and found a still and about fifty gallons of whisky. On cross-examination he stated that the housekeeper was there; defendant's wife was ill; that they had two children, a small boy and a baby. Asked if the two men there were neighbors of defendant, he said, "Yes."

W. E. Agee testified that he was with Mr. Miller; that they found six pints of gin; that two men and a woman were there besides defendant and his little son and baby; that he was there more than a year before with Mr. Miller, when they found a whisky still and some whisky there; that he knew the reputation of the place as to being a place where people were permitted to congregate to drink intoxicating liquors and the reputation was bad.

J. R. Orrall, over objection, was permitted to testify that he visited defendant's place last year, and going in the back door into the kitchen he found a man and a woman drinking what we know as a "highball"; that they searched the place and found three pints of alcohol under the steps; that he knew the reputation of the place as to being a place where intoxicating liquor was kept and where people were permitted to congregate for the purpose of buying and drinking intoxicating liquor; and that it was not so good. Motion to strike was overruled.

On the part of the defense, Edward Thomas testified that he lives four miles north of the State Capitol; has been a resident of the county 22 years; owns and operates the Thomas Farm Dairy, one-half mile east of defendant's place; that with Mr. Kirkland, he was going fishing that afternoon with defendant; when the officers came there, they were taking a social drink, a gin soda, and that was the only drink taken there that day; that defendant had been his neighbor about 12 years, and he had never noticed any unusual commotion of any kind around defendant's place, and his peace had never been disturbed by anything that ever went on there; that he never knew of any one buying any whisky or intoxicating liquor there.

Isaac Kirkland testified that he was out on a five-acre tract and had lived in the county 31 years and was staying with his neighbor Mr. Thomas; that about 4 o'clock that afternoon with Mr. Thomas they left to go fishing with defendant and were taking a social drink before starting when the officers came in.

In rebuttal the state called Don Stone, who over objection testified that he was out on defendant's place one time and saw Mrs. Tarbutton pour a pint of whisky or something out of a pint bottle in the bath-room.

At the close of the evidence a motion was made by the defense for a directed verdict on the ground there was no evidence to support the offense charged, which was denied.

In this case the information is based upon that part of section 2616, St. 1931, which declares:

"And all places where any such liquor is kept or possessed by any person in violation of any provision of this act; and all places where persons congregate or resort for the purpose of drinking any such liquor, are hereby declared to be public nuisances."

The court erred in admitting the testimony of the three officers as to what they found, one and two years before, at defendant's place; the time being too remote.

Obviously it was error to overrule the objection to and the motion to strike the testimony of the witness Stone.

The testimony as to the reputation of defendant's place was special reputation based on former searches of defendant's place made by the officers instead of the general reputation of the place. The qualifying questions were as to reputation instead of general reputation. It is true that the word "reputation," when unqualified, in common parlance means general reputation. What peace officers say to one another about a man's place is not reputation. Reputation is what people generally in a community say of a place.

" 'Reputation' is said to be the common knowledge of a community." And " 'Reputation' is defined to be the concurrence of many voices to the same fact." 7 Words and Phrases, First Series, p. 6119.

The witnesses for the state did not qualify as knowing the general reputation of the place. Small v. State, 21 Okla. Cr. 99, 210 Pac. 317.

The specific charge in the information is, "whisky and alcohol were kept, etc."

There was no evidence showing the possession of whisky and no competent evidence showing that the four pints of alcohol found was grain alcohol, and there was no evidence that persons congregated at defendant's place or gathered together there for any purpose.

Upon the whole case we find that the evidence is insufficient to show the essential elements of the offense with which the defendant was charged. In the case of Bunch v. State, 53 Okla. Cr. 430, 12 Pac. (2d) 704, cited in defendant's brief, this court held that:

"Where one is charged with keeping a place in such manner as to constitute a public nuisance, there must be evidence of a positive character that the place was a place of public resort, or that it contained bar fixtures or other paraphernalia indicating an intention to sell or dispose of liquor, or proof that the place was frequented by persons who habitually violated the liquor and gambling laws of the state, or proof of sale or sales of intoxicating liquor at or near the time of the charge, in addition to proof of general reputation." And see Ornsby v. State, 53 Okla. Cr. 445, 13 Pac. (2d) 596.

For the errors indicated and because the evidence is insufficient to support the verdict, the judgment of the lower court is reversed.

DAVENPORT, P. J., and EDWARDS, J., concur.