ARTHUR YOUNG et al. v. STATE.

No. A-9294.   Dec. 2, 1937.
(74 P. 2d 392.)

Ernest F. Jenkins, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J. The information in this case charged that Arthur Young and O. D. Barnes, in the county of Payne, on the 5th day of August, 1936, did unlawfully keep and maintain a place, to wit, lots 17 and 18, block 1, Lynn addition to the city of Stillwater, wherein intoxicating liquors were received and kept for the purpose of bartering, selling, and otherwise furnishing the same to others unlawfully. The defendants were jointly tried. The jury returned a verdict finding both defendants guilty of maintaining a place and fixing the punishment of each at a fine of $50 and confinement in the county jail for 30 days.

To reverse the judgment rendered on the verdict, December 31, 1936, the defendants appeal.

Of the various assignments of error, the only questions which require consideration relate to the action of the court in overruling the motion to suppress the evidence, and that the evidence was not legally sufficient to sustain the verdict.

It appears that appellant Young and his wife lived in a four-room house on the lots described; adjoining the house was a room in which appellant Young had a restaurant; there was also a house on said lots occupied by another family. That on the day alleged, Allen Humphrey, undersheriff, W. K. Belknap, deputy sheriff, Bob Sparkman, chief of police, and John Black, policeman, in executing a search warrant, searched the premises, and in the home of Arthur Young found about a half gallon of whisky and a small jug of wine.

The officers each testified that the reputation of being a place where intoxicating liquors were kept and sold was bad. Sparkman, chief of police, on cross-examination

stated that all investigations he had made revealed nothing out of line; that he visits the place three to four times a week, without a search warrant, and never notices anything unlawful.

As a witness in his own behalf, Arthur Young testified that he owned his home and the restaurant; that he knew nothing about the whisky found there by the officers; that his boys made the wine by putting mulberries and some water in the little jug.

The defendant O. D. Barnes, as a witness on his own behalf, testified that he had been living with Arthur Young; that he was the owner of the whisky found there by the officers that day; that he had been using the whisky for medicine, as prescribed by his doctor; that he had never sold any whisky.

At the close of the state's evidence, and again at the close of all the evidence, counsel for appellants demurred to the evidence and moved for a directed verdict of not guilty, for the reason that the same wholly fails to show the defendants guilty of the crime charged. Which motions were denied. Exceptions reserved.

When the case was called for trial, counsel for defendant Young filed a motion to suppress the evidence of the finding of the whisky, because the officers invaded the home of defendant and his place of business without a valid search warrant in violation of his constitutional rights.

In support of his motion, Arthur Young testified that a copy of the search warrant was served on him by Mr. Belknap, and the copy was admitted in evidence. In the warrant the place to be searched is described as follows:

"On the following described premises located and situated in Payne County, Oklahoma, to wit: The person

of Arthur Young and the private dwelling, buildings and premises located lots 17 and 18, block 1, Lynn addition, to the city of Stillwater."

Alice Young, wife of the defendant, testified that when the raid was made, there were two residences on these two lots, their four-room dwelling house and the restaurant on the north side, under a different roof and not connected with the dwelling house by a door, each having a front door and a back door; that back of the restaurant is a club room, organized and operated by club members, and it has a pool table, also their garage and chicken house; that the rented house is located 14 feet behind her dwelling house, and has been occupied and used as a residence for about a year before the raid by a man, his wife and daughter; that they paid her the rent for the house.

In rebuttal, W. K. Belknap, deputy sheriff, testified that he participated in the raid and served the search warrant; that he found about a half gallon of whisky in a room in the dwelling house, which was claimed by the defendant O. D. Barnes, and he arrested him; that his search was confined mostly to the store and house in which they lived; that he did not pay any attention to the other buildings; that the other officers searched that part of the premises.

At the conclusion of the hearing the court overruled the motion to suppress. Exception allowed.

It is urged that the search warrant was insufficient in that it does not describe the place where the officers searched, and did not conform to the provisions of section 2638, Okla. St. 1931 (37 Okla. St. Ann. § 87) which reads:

"No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particu-

larly as may be the place to be searched, and the person or thing to be seized."

In conformity to this statute and to the authorities generally, it has been many times held by this court that a search warrant must so particularly describe the place to be searched that the officer to whom it is directed may determine it from the warrant, and that no discretion as to the place to be searched is left to the officer. Bryson v. State, 59 Okla. Cr. 130, 56 P. 2d 1198; Clanton v. State, 59 Okla. Cr. 365, 60 P. 2d 415; Smith v. State, 40 Okla. Cr. 366, 269 Pac. 376; Shanafelt v. State, 38 Okla. Cr. 345, 261 Pac. 380; Mayberry v. State, 62 Okla. Cr. 183, 70 P. 2d 1106; Stouse v. State, 62 Okla. Cr. 46, 70 P. 2d 145.

It was undisputed that upon the premises described in the search warrant there were two separate residences occupied by different families.

It would seem that the warrant was intended to operate, and did operate, as a blanket search warrant, governing the homes of two separate families, and was therefore void.

Upon the whole case we find that the evidence is insufficient to show the essential elements of the offense charged.

It appears that the information is based upon that part of section 2616, Okla. St. 1931 (37 Okla. St. Ann. § 73), which declares:

"And all places where any such liquor is kept or possessed by any person in violation of any provision of this act; and all places where persons congregate or resort for the purpose of drinking any such liquor, are hereby declared to be public nuisances."

In Tarbutton v. State, 57 Okla. Cr. 442, 48 P. 2d 877, 878, it is said:

"It is true that the word 'reputation,' when unqualified, in common parlance means general reputation. What peace officers say to one another about a man's place is not reputation. Reputation is what people generally in a community say of a place.

" ' "Reputation" is said to be the common knowledge of a community.' and ' "Reputation" is defined to be concurrence of many voices to the same fact.' 7 Words and Phrases, First Series, p. 6119."

In the case of Bunch v. State, 53 Okla. Cr. 430, 12 P. 2d 704, this court held:

"Where one is charged with keeping a place in such manner as to constitute a public nuisance, its general reputation as such may be shown; but evidence of reputation alone will not support a conviction."

It follows from what has been said that the evidence procured by the search and seizure was improperly admitted over the defendants' objections and the evidence was not sufficient to sustain the verdict.

For the reasons stated the judgment of the lower court is reversed; the cause remanded, with direction to dismiss.

DAVENPORT, P. J., and BAREFOOT, J., concur.