## McMILLIN et al. v. STATE.

No. A-11393. Aug. 1, 1951.

(234 P. 2d 946.)

Hal Welch, Hugo, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The plaintiffs in error Raymond McMillin and Howard Piercy, defendants below, were charged by information in the county court of Choctaw county, Oklahoma, with the offense of unlawful possession of intoxicating liquor, Title 37, § 31, O. S. A. 1941. The defendants were tried by a jury, convicted, and punishment fixed at 30 days in jail and a fine of $50. Judgment and sentence was entered accordingly, from which this appeal has been taken.

There are several grounds of attack made upon the conviction and judgment and sentence, but it is only necessary to consider one of them. The defendants first urged the trial court erred in overruling his motion to suppress the evidence. The ground for said motion is that the search warrant was a blanket

search warrant calling for the search of several occupied premises. The description of the premises to be searched in the search warrant reads as follows, to wit:

" * * * Tourist cabins and a grocery store located on Section 27, Township 6 South, Range 17 East, on U. S. Highway No. 271, more particularly described in metes and bounds, as follows:

"Beginning at the Northeast corner of SW ¼ of Section 27, aforesaid, thence South along the West Section Line of said section, a distance of 1915 feet to a point where the Westerly right of way line of the U. S. Highway No. 271 is intersected by said Section line, thence in a northeasterly and Northerly direction on the West side of said Westerly right of way line a distance of approximately 2032 feet to the North line of the SW ¼ of said section, a distance of 590 feet to the point of beginning, known as Mack's Courts, Choctaw County, Oklahoma."

The evidence in support of the motion to suppress is to the effect that there were four several structures located on the premises as above described. The evidence discloses there was a 2-room building in which the defendant jointly operated a grocery store. One of the rooms of the grocery store was a book-keeping place for Mack's Courts being operated by McMillin. In this room Piercy had his living quarters and a bed in which he slept. There was another house located on the described premises in which defendant McMillin and his family resided. There was also a barn on the described premises. Finally there were the tourist cabins structure containnig 8 occupied cabins. The only evidence as to whether the tourist cabins were searched was that of Undersheriff H. F. McDonel. He testified he did not search them, but Sheriff Bird Collins was on the outside and he could not swear whether they were searched or not. Sheriff Bird Collins did not testify he did not search the cabins. Undersheriff McDonel did not know if the barn and the residence of defendant McMillin were searched. The fact that the sheriff may not have searched the buildings other than the grocery store and the building occupied by defendant Piercy, where the liquor was found, is of no consequence. As was said in Layman v. State, 90 Okla. Cr. 260, 213 P. 2d 300, 303:

"The fact that he did not search the other homes makes no difference. This sheriff appears to have been a reasonable and conservative person, but that fact does not guarantee that other officers at other times would be."

It therefore appears if this was in law a blanket search warrant the evidence was bad. In Wallace v. State, 89 Okla. Cr. 365, 208 P. 2d 190, we said:

"Where a search warrant describes premises upon which are located more than one house in which persons reside other than the accused, the same is what the law denominates a blanket warrant, and is ordinarily insufficient in law to sustain a search."

See, also, Layman v. State, supra, to the same effect. The Attorney General has filed no brief in this case for the apparent reason that the search warrant being a blanket warrant, the evidence was inadmissible, and the motion to suppress should have been sustained. For all the foregoing reasons the judgment and sentence is accordingly reversed with directions to dismiss the case.

JONES and POWELL, JJ., concur.