# BREWER v. STATE.

No. A-11545. May 14, 1952.

(244 P. 2d 1154.)

Reversed and remanded, with directions to dismiss.

Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error, Clyde Brewer, defendant below, was charged by information in the county court of Beckham county, Oklahoma, with the offense of unlawful possession of 43 bottles of intoxicating liquor of assorted brands of gin and whiskey, on March 2, 1950, in Elk City, Beckham county, Oklahoma. Defendant was tried by a jury, convicted and his punishment fixed at a fine of $100 and 30 days in jail.

A motion to suppress the evidence was urged before the trial, evidence heard thereon, and at the conclusion of which the court overruled the said motion to suppress. This action of the trial court is urged as error. It is contended that the search warrant under which the search and seizure was made was a blanket warrant, since the premises described are occupied by more than one family and therefore the warrant described more than one place. The warrant described the premises as lots 1 and 2 in block A, Wolfley Addition to the city of Elk City, Oklahoma. The evidence in support of the motion to suppress was in substance that the premises described consisted of a large 2-story house and outbuildings. The record discloses that this large 2-story house consisted of two apartments.

The defendant and Joe Bucek testified he knew at the time of the search and seizure on March 2, 1950 that the defendant and his family occupied the downstairs apartment of the 2-story house; and Blackie Finley, his wife and little boy, occupied the upstairs apartment, and Jimmie Henderson occupied the northwest bedroom. A tender of cumulative proof to the foregoing effect was offered and overruled by the court. It was also established that one Pete Maxwell kept his horses in the barn where the whiskey was found.

Mr. P. L. Davis, deputy sheriff and jailer of Beckham county, testified that they searched all the rooms of the house from top to bottom first and then searched the barn. He stated that he did not know who lived there but figured Clyde Brewer did. The whiskey was found in the barn. Under the state of the record on the motion to suppress the trial court erred in overruling the said motion for the reason that the warrant was clearly a blanket warrant for the reason the place to be searched was occupied by more than one family. It has repeatedly been held that such warrants are bad as not furnishing a sufficient description of the place to be searched. In Wallace v. State, 89 Okla. Cr. 365, 208 P. 2d 190, 191, we said in the body of the opinion at page 364:

"It is established law that a search warrant must so particularly describe the place to be searched that the officer to whom it is directed may determine the place from the warrant, leaving no discretion as to the place to be searched. Herrion v. State, 79 Okla. Cr. 48, 150 P. 2d 865; Young v. State, 63 Okla. Cr. 196, 74 P. 2d 392; Weisband v. State, 69 Okla. Cr. 79, 100 P. 2d 297. In the Herrion case, supra, the land described was 80 acres on which was situated four cabins other than the one under the control of the defendant. Therein this court said: 'In construing the above principle of law, this Court has held that an affidavit for search warrant describing the premises to be searched as certain property is insufficient to furnish a particular description of the place to be searched where it is shown that the premises so designated were owned and occupied by several persons, so that it was in fact several places. Lucas v. State, 56 Okla. Cr. 413, 41 P. 2d 131; Young v. State, supra; Stouse v. State, 62 Okla. Cr. 46, 70 P. 2d 145.'

"The search warrant herein described premises owned and occupied by persons other than that occupied by Ernest Wallace, so in fact, it described two places calling for the exercise of discretion, which the law does not permit."

In Harper v. State, 94 Okla. Cr. 371, 236 P. 2d 272, 273, this court said:

"A search warrant which names the defendant and authorizes the search of an entire upper floor over a business building containing around fifteen rooms, stated to be occupied by him, and on motion to suppress the proof shows that defendant occupied an apartment in one end of the said upper floor, and another person maintained a home in the other end of said floor, and a third apartment is occupied by a husband and wife, and defendant's apartment is not particularly described, the warrant was void as being a 'blanket search warrant' covering the private place of abode of several people."

In Aldridge v. State, 72 Okla. Cr. 298, 115 P. 2d 275, we said:

"A search warrant which names defendant and authorizes the search of an entire apartment hotel building instead of particularly describing the apartment occupied by defendant, is void as being a blanket search warrant covering the private place of abode of several people, where defendant occupies only an apartment in the described building and other families occupy apartments in the same building."

See, also, McMillin v. State, 94 Okla. Cr. 291, 234 P. 2d 946. Clearly the warrant was intended to operate, and did operate as a blanket search warrant covering the private abode of more than one family and occupants, and was therefore void. For the reasons hereinbefore set forth this case is reversed and remanded to the trial court with instructions to dismiss.

JONES, J., concurs.