## STALEY v. STATE.

No. A-11754. April 21, 1953.

(256 P. 2d 822.)

Orval Grim, Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Oscar Staley, was charged in the county court of Beckham county with the unlawful possession of intoxicating liquor, a jury was waived, the defendant was tried, found guilty and sentenced to serve 30 days in jail and pay a fine of $200.

The sole question presented by the appeal is whether the trial court erred in overruling the motion to suppress evidence filed on behalf of the accused.

The motion was based upon two propositions: First, the affidavit for the search warrant was based upon mere information and belief. Second, the description in the affidavit and in the warrant covered property which was the private place of abode of several different people and was therefore a blanket search warrant and void.

The affidavit for the warrant was in positive terms and not based upon information and belief. It alleged that intoxicating liquors were stored on the premises which were described in the affidavit which were owned by Oscar Staley, and that such premises were a place of public resort where people congregate for the purpose of obtaining intoxicating liquor and drinking the same. There were other facts stated, all of which were based upon alleged positive knowledge of the affiant and were amply sufficient to justify the issuance of a search warrant by the magistrate before whom the affidavit was executed. It is in many ways similar to the affidavit approved by this court in the case of Brewer v. State, 96 Okla. Cr. 374, 255 P. 2d 954.

In connection with the contention that the description in the warrant covered the private place of abode of different families, proof on this issue was introduced by both the state and the defendant. The defendant testified that he was at his home when the officers served the search warrant on him and made the search on November 2, 1951. He testified that his mother-in-law lived in the house with him and that a man named Mike Madlin had become ill and he had taken him into his family to care for him. He further testified that a small building back of the house was leased to Ralph Emerson and that a part of the barn had been leased to a man by the name of Simmons to keep some horses. The sheriff of Beckham county testified that he, together with other officers, went to Staley's residence and made the search. The whiskey was found under the stairway in Staley's house. They further stated that there was a barn, a chicken house, a garage, and another little house on the premises described in the warrant. That the defendant, Staley, had the key to the little house and opened it for them and they made the search. There was no one in that building and there was nothing in it except some dice tables and chairs. Defendant did not tell them that this little house was under the control of a man by the name of Emerson and there was nothing to designate it as being a separate business from Oscar Staley's.

Lloyd Simmons testified that he rented two stalls in the barn and kept some thoroughbred colts there and had these two stalls rented on November 2, 1951. That he did not live on the place during any of the time that Oscar Staley lived there.

The mail carrier testified that there was just one mailbox at the premises described in the warrant but that he had delivered mail addressed to Mrs. Whallen, mother-in-law of the defendant, and Mike Madlin at that address.

A question of fact was presented to the trial court for his determination in connection with this part of the motion and by his ruling, he affirmatively found that the description in the warrant did not cover the private place of abode of different families in accordance with the decisions of this court. We think there is abundant evidence in the record to sustain this finding of the trial court. Neither Mrs. Whallen, Madlin, nor Emerson appeared as a witness. This case is not in any way comparable to the many cases decided by this court in which we ruled that the warrant was invalid as having covered the private place of abode of several different families. Counsel for the accused cite the case of Brewer v. State, 95 Okla. Cr. 256, 244 P. 2d 1154, in which this court held that the warrant was a blanket warrant because it described premises occupied by more than one family. We see quite a distinction in the two cases, because in the Brewer case the warrant described a large two-story house which was

divided into apartments and different families occupied the apartments. In that case there was no evidence from which the court could affirmatively find that the premises were occupied and under the control of only one individual such as was presented in this case. The fact that an individual accused of crime testifies that certain premises described in a search warrant are occupied by more than one family does not of itself require the court before whom the motion is filed to sustain the motion to suppress evidence where there are physical facts which refute the testimony of the accused. In this case, the defendant was present at the premises when the search was made. He was living in the main house with his family and had the key to the little outhouse. There was no one in the small outhouse and no furnishings to indicate that anyone lived there. The whiskey was found in the main house. The physical facts would indicate that the defendant, Staley, had the complete control of all the premises unless it was the two stalls in the barn which were rented to Simmons, but that fact would not have affected the validity of the warrant.

The judgment and sentence of the county court of Beckham county is affirmed.

POWELL, P. J., and BRETT, J., concur.