## HEDGES et al. v. STATE.

No. A-11845. Nov. 18, 1953.

Rehearing Denied Dec. 30, 1953.

(265 P. 2d 507.)

Herbert K. Hyde, Carroll Samara, and Lee Williams, Oklahoma City, Okla., for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J.   William H. Hedges and E. M. Nichols were charged by an information filed in the court of common pleas of Oklahoma county with the unlawful possession of intoxicating liquor; were tried, convicted and sentenced to serve 60 days in the county jail and pay a fine of $200, and have appealed.

Two assignments of error are presented in the brief of defendants. First, the court erred in overruling the motion to suppress evidence presented by defendant Hedges.   Second, the evidence was insufficient to convict the defendant Nichols.

In connection with the first assignment of error, the proof showed that certain officers of Oklahoma county, armed with a John Doe search warrant which described the premises to be searched as:

"One story frame and rock house and all outbuildings located at 3104 North East 23rd Street adjacent to Oklahoma City, in Oklahoma County, State of Oklahoma."

went to premises occupied by Hedges, served the warrant on Hedges and seized a quantity of intoxicating liquor.

T. J. Bailey testified that he owned a grocery store in Oklahoma City and also owned the house which was searched by the officers; and that this house was numbered 3004 N.E. 23rd Street, and not 3104 N.E. 23rd Street, as set forth in the search warrant.

Louise Hill, a professional photographer, testified for the accused that she took a picture of a house (which witnesses identified as being the house searched by the officers) and that there was a number "3004" appearing on the house at the time she took the picture. This picture was admitted in evidence, but the number is so blurred that the court was unable to tell just exactly what the inscription was.

The defendant Hedges testified that the whiskey the officers seized belonged to him, that he had subrented the premises from the defendant Nichols. and had brought the whiskey from Nichols. That the house was numbered "3004" when he moved into it in January, 1952, and such was the number at the time the officers made the search.

Frank Lynch, deputy sheriff of Oklahoma county, testified positively that the house which he searched on N.E. 23rd Street on February 14, 1952, out of which search the prosecution was instituted, was numbered 3104 N.E. 23rd Street. Larkin Lamb, a deputy sheriff, also testified that when the officers made a search of the house on February 14, 1952, the house was numbered "3104". He further testified that on a previous occasion, on December 24, 1951, he had gone to this particular house and at that time it was numbered "3104".

The contention that the search was illegal is based entirely upon an alleged erroneous description of the premises.

Substantial evidence was offered by the accused to show that the premises which were searched were described as 3004 N.E. 23rd Street. However, the officers testified just as positively that the house was numbered 3104 N.E. 23rd Street at the time of the search, and it was the contention of the state that if the number "3004" appeared on the house, either before or after the search, it was because the occupant had changed the number on the house. We are thus confronted with the situation where there is substantial competent evidence to uphold the finding of the trial court in overruling the motion to suppress. In one of the most recent decisions of this court, the rule of law long adhered to in such a situation was stated as follows:

"The finding of trial court on disputed questions of fact at a hearing on motion to suppress evidence will be sustained where there was competent evidence in the record to support the court's finding." Staley v. State, 97 Okla. Cr. 10, 256 P. 2d 822, 823.

The second assignment of error must be sustained. In the trial of the case the only evidence of the state that in any way connected the defendant Nichols with the whiskey was hearsay testimony of officer Frank Lynch, over objection of defendant, that the defendant Hedges told him after he was arrested that the whiskey belonged to the defendant. E. M. Nichols and that Hedges was merely an employee of Nichols. The objection to the admission of this hearsay evidence should have been sustained. Since there was no other evidence to connect Nichols in the evidence presented by the state, it is apparent that the court erred in overruling the motion for an instructed verdict of not guilty at the close of the state's case insofar as the defendant Nichols is concerned.

It is therefore ordered that the judgment and sentence of the court of common pleas of Oklahoma county is affirmed as to the defendant William H. Hedges and the case is reversed as to the defendant E. M. Nichols with instructions to discharge the defendant Nichols.

POWELL, P. J., and BRETT, J., concur.