V. A. SIMMONS, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A–12164.

Criminal Court of Appeals of Oklahoma.

June 29, 1955.

Rehearing Denied July 20, 1955.

Wise & Ivester, Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in Error, V. A. Simmons, defendant below, was charged in the County Court of Beckham County, Oklahoma, with the offense of being in the unlawful possession of intoxicating liquors, T. 37, § 31, O.S.1951, allegedly committed on or about the 6th day of March, 1954. The information specifically alleged that he was in the unlawful possession of 14 one-fifth gallons, 62 pints, and 18½ pints assorted brands of tax-paid Whiskey. A jury was waived; the defendant tried to the court; the trial court found the defendant guilty and fixed his punishment at $150 fine, and 60 days in the County Jail; judgment and sentence was entered accordingly, from which this appeal has been perfected.

The defendant predicates his appeal upon the proposition that the trial court erred in overruling his Motion to Suppress the Evidence. This contention is based upon the proposition that the search warrant described the place to be searched as follows:

"* * * the buildings, basements, cellars, appurtenances, and premises situated and being: A filling station operated by and in the possession of V. A. Simmons; said station being

commonly known both by the name of the 'Sayre Truck Harbor' and also by the 'Hilltop Filling Station;' said filling station being situated on the south side and adjoining U. S. Highway 66, approximately 1½ miles southwest of the city limits of Sayre, Beckham County, Oklahoma; said filling station and store room being the west portion of a certain one-story, business building located at the above stated location; * * * *."

The premises involved herein were all owned by the defendant. It consisted of three separate buildings, all joined together by means of doors leading from one into the other. There was a cafe on the east, a garage in the middle, and a filling station and small store room on the west of the premises herein involved. They all presented a common front in design, but the cafe was not included in the property described in the search warrant. All this property was operated by the defendant. He contends that the search warrant upon which the search was made of the filling station and the garage, only described the filling station and small store room in the back, and did not include the garage as a store room.

The State's evidence disclosed that the garage was not being operated at said time as a garage, but was being used as a storage room in connection with the filling station operations. This evidence disclosed there was no chain hoist in the room, as testified to by the defendant, but that the chain hoist described was in another little building away out behind the garage, and away from the structure described as the garage; the hoist, as a matter of fact, was a moveable frame. Moreover, the State's evidence disputed the testimony of the defendant, that in the garage there were steel work benches; its evidence disclosed there were no such benches in the garage, but wheels, tires, and tubes, three big oil barrels; no jacks of any description. The tires were scattered all over the front. This room was adjacent to the filling station, and according to the State's evidence, a part thereof, and not a garage. The State's

case showed you could go from one room to the other, without having to go outside of the building. In addition to the things described hereinbefore, there were soft drink boxes and pop boxes for Coca-Cola, 7-Up, Nehi, or Dr. Pepper Bottles. In the back part of the room, claimed by defendant to be a garage, the officers testified they found some whiskey behind the partition in a hole which had been dug out in the concrete floor. This hole was covered by an oak desk. Another portion of the whiskey was found in an ice box.

■ The foregoing state of the record clearly presented disputed questions of fact, for determination by the trial court. It has been repeatedly held by this Court that where there is competent evidence in the record to support the Court's findings, the same will be sustained. Staley v. State, 97 Okl.Cr. 10, 256 P.2d 822–823; Hedges v. State, 97 Okl.Cr. 408, 265 P.2d 507; Brewer v. State, 96 Okl.Cr. 374, 255 P.2d 954; Id., 96 Okl.Cr. 377, 256 P.2d 1117.

■■ In view of the foregoing state of the record, and the authorities hereinbefore cited, we are unable to sustain the defendant's contention to the effect that the trial court erred in overruling his Motion to Suppress the Evidence obtained under the search and seizure conducted in the garage store room. The evidence was sufficient to sustain the trial court's conclusion that the garage room was actually being used as a store room in connection with the operations of the filling station, and hence clearly came within the description contained in the search warrant of the premises searched. The evidence obtained under the search and seizure being introduced at the trial on the merits, and nothing appearing to the contrary, on behalf of the defendant, the same is sufficient to sustain the finding of the defendant's guilt, and the judgment and sentence entered thereon.

For all of the above and foregoing reasons, the judgment and sentence herein imposed is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.