W. L. LAWSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12296.

Criminal Court of Appeals of Oklahoma.

April 18, 1956.

John L. Ward, Jr., Harold M. Shultz, Jr., Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, W. L. Lawson, was charged by information in the Court of Common Pleas of Tulsa County, Oklahoma, with the offense of unlawful possession of 35 fifths, 47 pints, 4 one-half pints of assorted brands of tax paid whiskey; 4 fifths of port wine; 3 fifths of vodka; and 7 fifths of gin, in violation of 37 O.S. 1951 § 31. The offense was allegedly committed in the city of Tulsa on or about August 23, 1955. The record discloses a jury was waived, case tried to the court, defendant found guilty, and punishment fixed at 30 days in jail and a fine of $100.

The first proposition urged by the defendant is that the court erred in failing to sustain the defendant's motion to suppress the evidence. It is asserted the premises described and searched under the

authority of the search warrant were occupied by two separate families. In this connection it appears that the premises to be searched were described substantially as follows, to wit:

"A certain one story native stone dwelling and garage located on All of Lot Nine (9) except * * * of Mingo Addition, an Addition to Tulsa County, State of Oklahoma, together with the curtilage thereof and the appurtenances thereunto belonging."

The stone house as above described was found on the property and was the defendant's home. The officers found a large barn about 50 yards from the house. The house and barn were connected with a driveway. The officers searched the barn and found the above described liquor in the saddle room thereof. The saddle room was clearly part of the barn and was not directly connected to a servant's quarters attached to the barn, though the front door of the servant's quarters opened into the barn.

The defendant testified his father rented the servant's quarters, paying him cash rent therefor, and that his father lived therein. The record shows that the servant's quarters appeared to be occupied though the defendant's father was not present at the time the search took place. The defendant testified his father helped him with the barn. To the question, "You exercise control over everything but the servant's quarters?", he replied, "I'm the landlord." He then testified the rent his father paid him permitted his use of part of the barn and the servant's quarters. However, the defendant admitted that he was running the Freebooter's Boarding Stable, a business establishment, on the premises and that it was his business. He said, however, his father got one-half the profits for helping him.

The record further discloses that the defendant's house and the servant's quarters had separate street numbers, being 9517 and 9515 East 46th Street. But, it appears from checks signed Mr. or Mrs. Pee Wee Lawson by Mrs. Pee Wee Lawson, the defendant's wife, that they made the meter deposit covering said premises and that they also paid the utility charges covering both of said numbered premises.

The foregoing evidence on the motion to suppress presents a judicial question for the determination of the trial court. In Staley v. State, 97 Okl.Cr. 10, at page 12, 256 P.2d 822, at page 824, where the facts are very similar to those herein involved, this court said:

"The fact that an individual accused of crime testifies that certain premises described in a search warrant are occupied by more than one family does not of itself require the court before whom the motion is filed to sustain the motion to suppress evidence where there are physical facts which refute the testimony of the accused. In this case, the defendant was present at the premises when the search was made. He was living in the main house with his family * * *. The physical facts would indicate that the defendant Staley had the complete control of all the premises unless it was the two stalls in the barn which were rented to Simmons, but that fact would not have affected the validity of the warrant."

In Brewer v. State, 96 Okl.Cr. 374, 255 P.2d 954, 956, where again the facts were similar to the facts herein, we there said:

"The trial court properly concluded that there was no justifiable basis for holding that the warrant described the private residences of several families. Upon any consideration of the case the evidence at least presented a question of fact for the determination of the court in connection with the motion to suppress and since there was competent evidence in the record to sustain the finding of the court, his judgment thereon will be sustained on appeal."

Such is the situation herein. We cannot say there was not sufficient competent evidence to support the trial court's finding that only one family lived on the premises searched, and the warrant was not a blanket warrant.

The second point raised is that there was not sufficient evidence in the

case in chief to sustain the conviction. The case was submitted to the trial court on the evidence taken on the motion to suppress except it appears it was stipulated that the defendant's evidence was to be considered only for the purpose of the motion to suppress the evidence. Only one other witness testified on the motion to suppress.

In this connection, it appears that when Deputy Sheriff Parkinson was to be called to testify for the State, defendant's counsel readily stipulated that if he were to testify, his evidence would disclose that the whiskey found "was the amount as alleged in the information." It is apparent that the inexperienced assistant county attorney was thrown by the seemingly generous offer. He almost defeated the purpose of the prosecution by so doing; to establish the unlawful possession of the whiskey by showing the defendant's connection therewith. Probably in the future, this assistant county attorney and others in like situations, will beware of Greeks bearing gifts. Stipulations, from the State's standpoint, are generally less effective and should be avoided when positive sworn testimony is available to establish the point desired to be reached. As suggested by the Attorney General, this stipulation amounted to nothing at all, from the State's standpoint, and it may have prevented Deputy Sheriff Parkinson from testifying relative to the possession of the whiskey by the defendant.

Deputy Sheriff Pruitt testified that the defendant came out of the stone house and that it was his home, as far as he knew. His evidence further shows that the barn was connected with the driveway, hereinbefore mentioned; that the barn was located on the described premises; that the servant's quarters were not searched and in truth and fact were attached to the barn. Moreover, his return on the search warrant, offered in evidence by the defendant, relates the whiskey was found in the possession of W. L. Lawson, upon whom the warrant was served.

This evidence was the only evidence before the trial judge on the point of the defendant's connection with the whiskey. There was nothing to the contrary. Under the circumstances herewith presented, the trial court could reach no other conclusion than that the barn was appurtenant to the house, within the curtilage, and that the whiskey was the defendant's whiskey. This finding, supported by competent evidence is binding on this court. McCarthy v. State, 91 Okl.Cr. 294, 218 P.2d 397.

Affirmed.

JONES, P. J., and POWELL, J., concur.